THE STATE vs. DAVIE.

*January 17 — February 3, 1885.*

*Constitutional law: Criminal complaint on information and belief.*

A complaint in a criminal proceeding in a justice's court is sufficient though made upon information and belief.

EXCEPTIONS from the Circuit Court for *Dane* County. The facts are sufficiently stated in the opinion.

*Chas. N. Brown*, for the defendant, cited *Vannatta v. State*, 31 Ind. 210; *Bachmann v. Milwaukee*, 47 Wis. 435; *U. S. v. Tureaud*, 20 Fed. Rep. 621; *Comfort v. Fulton*, 39 Barb. 56; *Swart v. Kimball*, 43 Mich. 451; *People v. Heffron*, 19 N. W. Rep. (Mich.), 170; *In re Rule of Court*, 3 Woods C. C. 502; *Comm. v. Certain Lottery Tickets*, 5 Cush. 369; *Comm. v. Phillips*, 16 Pick. 211; *State v. Gleason*, 32 Kan. 245; Barbour's Cr. Law (2d ed.), 519; 1 Archb. Cr. Law (Waterman's ed.), 122.

For the state there was a brief by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General. To the point that a complaint on information and belief was sufficient to confer jurisdiction upon the justice, they cited *In re Lewis*, 31 Kan. 71; *State v. Otey*, 7 id. 69; *State v. Ruth*, 21 id. 583; *State v. Hobbs*, 39 Me. 212; *Toops v. State*, 92 Ind. 13; *Franklin v. State*, 85 id. 99; Moore's Cr. Law, 133; *State v. Tall*, 56 Wis. 577.

ORTON, J. The offense charged is the spearing of fish in Lake Wingra, near the city of Madison, in violation of sec. 1, ch. 89, Laws of 1883, and within the jurisdiction of a justice of the peace; and the case was twice tried before the municipal court of the county of Dane, exercising such jurisdiction, and the defendant was found guilty, and sentenced to pay a fine and costs, according to said statute. In the circuit court, on appeal, before any testimony was given, the counsel of the defendant objected to the admission of any evidence under the complaint, on the ground that it is wholly insufficient and defective. The motion was overruled and exception taken. The case having been tried, and a verdict of guilty having been found, the defendant moved the court to set aside the verdict on the ground that the complaint was wholly insufficient and defective, which motion was also overruled and exception taken. The case comes to this court upon these two exceptions, alleged and

reduced to writing in a summary mode, and allowed and signed by the judge, according to sec. 4720, R. S.

The complaint is a formal one, signed and sworn to by the complainant. It recites that "the complainant, being duly sworn and examined on oath, complains," etc, "that he is informed and has good reason to believe, and does verily believe, that," etc., charging the offense as in the statute, with a jurat in the usual form, "subscribed and sworn to before me," etc. The only objection which is the ground of the two exceptions is that the complainant does not state positively that the defendant committed the offense charged, and from his own personal knowledge, and that he swears to the fact that "he is informed and has good reason to believe, and does verily believe" only, and not to the fact that the accused committed the offense. To sustain this objection, the fourth article of the amendments to the constitution of the United States is appealed to, in connection with the statute relating to proceedings in criminal cases in justices' courts. Sec. 4740, R. S. This is an original question in this court, and must mainly depend upon our own statute, unless the statute is unconstitutional.

In a recent case in Michigan *(People v. Heffron,* 19 N. W. Rep. 170), it was held that the *affidavit* upon which the accused was arrested for a special statutory offense, which uses similar words instead of making the positive statement that the accused committed the crime, did not warrant his arrest. The statute under which the affidavit was made is not fully stated, but the decision seems to rest upon the general principles of criminal law. In another case in the same state, and which is cited as authority for the above and last decision upon the question *(Swart v. Kimball,* 43 Mich. 443), which was a case of false imprisonment based upon an insufficient affidavit charging a special offense, the decision is rested upon the statute requiring a particular verification. In a late case in the circuit court of the United States for the

district of Louisiana ( *U. S. v. Tureaud*, 20 Fed. Rep. 621), the clause " as he verily believes " was held to vitiate the information.

It may be remarked that as to informations and indictments the charge must be positive in all cases; not, however, because the district attorney or the grand jury has actual knowledge of the facts so as to testify to them, but because the charge therein against the accused must be stated in positive terms. Very many of the authorities cited by the learned counsel of the defendant are of informations, and others are based upon peculiar provisions of the statute.    The Louisiana case takes the bold ground that under the constitution requiring "probable cause, supported by oath or affirmation," a complaint simply sworn to on information and belief, or on good reason to believe, etc., is insufficient to warrant an arrest. If the article of the constitution referred to relates to anything more than searches and seizures, and has application to all arrests, it may be that a statute which allowed of an arrest for crime upon a mere complaint on information and belief would be unconstitutional; but this we do not decide, and very much doubt it.    The words "*probable* cause" do not mean actual and positive cause.    An indictment imports only probable cause, and probable cause is sufficient ground of an indictment by a grand jury.    Why is not a complaint which charges the offense upon information and belief, and upon good reason to believe, supported by oath or affirmation, a *probable* cause?    But it is not necessary to discuss this question.

The learned counsel of the defendant referred to several special criminal statutes of petty offenses, which directly authorize the complaint to be made upon information and belief, and argued from that fact that when the legislature intended that such a complaint should be sufficient, it would so provide, and that the statute under which this complaint was made does not so provide.    Are all those special statutes

creating petty offenses, and so providing for their prosecution, unconstitutional? In reference to the authorities that may hold that in all cases before an accused person can be arrested for crime a complaint must be made in positive terms and by a person who knows of all the facts constituting the offense, we are free to say that they are unreasonable, if nothing more. There would be, and could be, but very few arrests under such a rule. Crime frequently rests upon circumstantial evidence, and very numerous facts in the knowledge of numerous persons, and all such witnesses could not be speedily and summarily brought before the magistrate to make complaint, and they could not be compelled to do so if they could be found. A complaint is not a conviction, any more than an information or indictment, and the accused should not be fully tried upon all the evidence before he is arrested, and his case prejudiced thereby. The indictment or information is a mere charge of an offense, and why should a complaint before a magistrate be anything more to warrant the arrest of the accused?

The rule contended for would make the execution of the criminal laws impracticable if not impossible, and many offenders would escape justice. It would be a very humane and safe rule for the criminal, but cruel and unsafe for society. The complainant may be in possession of such facts, by information or otherwise, as would give him good reason to believe that a certain person had committed an offense, and the persons who have knowledge of the facts of the crime may be either unable or unwilling to make complaint. What shall be done? Our statute sufficiently guards and protects the rights of accused persons, and, if strictly followed, there will be no danger of wanton or causeless arrests, and it is by our own statute that this complaint is to be tested. The language is: " Upon complaint made to any justice of the peace by any constable, or other person, that any such offense has been committed within the county, he

shall *examine the complainant on oath*, and the witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be *subscribed* by the complainant, and *if it shall appear* that such offense had been committed, the said justice shall issue his warrant reciting the substance of the complaint, requiring the officer to whom it is directed forthwith to arrest the accused," etc.

The plain meaning is that a verbal or oral complaint is first made, then the justice examines the complainant on oath, and other witnesses produced by him, if he produces any, and he shall then reduce the complaint to writing and cause it to be subscribed by the complainant; that is, the complainant first mentioned. The statute does not require that any formal complaint should be sworn to. The examination, which is far better and safer, is made under oath. It is presumed that such was the proceeding in this case, for the formal complaint recites that the complainant was "sworn and examined on oath," and the justice entered in his docket on record the following: "On examining complainant on oath, and reducing the same to writing," etc. More was done than necessary in the justice's appending a jurat to the complaint; but certainly this does not injure it. This complaint, reduced to writing, is the formal charge or accusation, and if it describes the offense and names the offender with sufficient particularity and certainty, it is as good as an indictment or information. The words "informed and has good reason to believe, and does verily believe," and the jurat, may be rejected as surplusage, for such formalities are not required by the statute. Then, again, the substance of the complaint is recited in the warrant; that is, that such an offense had been committed, and that the person named committed it. The subsequent section, 4747, is explanatory of this proceeding in the above sense; it is that "the *charge* made against the accused, as stated in the *warrant* of arrest, shall be distinctly read to him, and he shall be required to

The State vs. Davie.

plead thereto;" not to the formal complaint, but its substance recited in the warrant.

The matter of the complaint and the examination of the complainant are adjudicated by the justice, and before he issues his warrant he must *find*, therefrom, that such an offense had been committed. This would seem to comply with the constitutional provision of "probable cause, supported by oath or affirmation," and with the provision that the accused shall "be informed of the nature and cause of the accusation." This has been the invariable practice in this state under this statute, and its constitutionality has never before been questioned. The same practice seems to have prevailed in the state of Maine, and a formal complaint, "according to the best knowledge and belief" of the complainant, was held sufficient, because "the facts (are supposed) to have been disclosed on oath by the complainant to the magistrate, to satisfy him that a warrant should be issued." *State v. Hobbs*, 39 Me. 212. Treating this complaint as an affidavit of the facts, upon information and good reason to believe, perjury could be assigned upon it if the affiant had not such good reason to believe. *Taylor v. Robinson*, 26 Wis. 545.

It is useless to consider the many authorities cited in the very able and elaborate brief of the learned counsel of the defendant, as they are most of them foreign to this case under our own statute. We are clear that the complaint, and the examination of the complainant on oath, and the entry thereof in the record, were sufficient to authorize the arrest and trial of the defendant.

*By the Court.*— The exceptions alleged are overruled, and the cause remanded for further proceedings according to law.