Schaeffer v. State, 113 Wis. 595.

|113|595|
|114|9|

SCHAEFFER, Plaintiff in error, vs. THE STATE, Defendant
in error.

*February 24—March 11, 1902.*

*Criminal law and practice: Physicians and surgeons: Construction of
statutes: Statutory offenses: Pleading.*

1. Sec. 1436, Stats. 1898, provides that no person practicing physic
   or surgery shall have the right to collect fees for his services,
   or testify in a professional capacity, unless before April 20,
   1897, he had received a diploma from an incorporated medical
   college or society, or, since said date, has a license from the
   state board of medical examiners; and sec. 4063a forbids, under
   penalty, any person so prohibited from testifying in his profes-
   sional capacity from assuming the title of doctor. *Held*, that
   it not being an offense at common law to practice physic and
   surgery without a license, a complaint in a criminal prosecu-
   tion, alleging that defendant unlawfully used the title of doctor
   without a "license," and failing to allege that he did not have
   a "diploma," does not state an offense.
2. Where a criminal prosecution is founded on a statute creating
   an offense unknown to the common law, the complaint must
   set forth the constituent facts and circumstances necessary to
   bring the accused fully within the statutory provisions.

ERROR to review a judgment of the circuit court for Mil-
waukee county: EUGENE S. ELLIOTT, Circuit Judge. *Re-
versed.*

The plaintiff in error was arrested, tried, and convicted in
the police court of Milwaukee upon a complaint which is as
follows:

"John W. Coon, being first duly sworn, on oath complains
to the police court of the city of Milwaukee that *Frank X.
Schaeffer,* on the 28th day of April, A. D. 1900, at the said
city of Milwaukee, in said county, did then and there unlaw-
fully practice medicine and surgery, and did then and there
hold himself out to the public as a physician and surgeon, and
did then and there unlawfully use the title of doctor, and did
then and there, for a fee, prescribe drugs and medical treat-
ment for the cure and relief of wounds, fractures, bodily in-

juries, and diseases, without having then and there first ob-
tained and recorded a license from the Wisconsin board of
medical examiners authorizing him, the said *Frank X.
Schaeffer,* to practice medicine and surgery in the state of
Wisconsin; contrary to the statute in such case made and pro-
vided, and against the peace and dignity of the state of Wis-
consin; and prays that the said *Frank X. Schaeffer* may be
arrested and dealt with according to law."

Appeal was taken to the municipal court, and a change of
venue to the circuit court, where he was again convicted, and
sentenced to pay a fine of $50 and costs. On the trial, and
upon the motion of the plaintiff in error that the state should
elect under what section of the statutes the prosecution was
being carried on, the district attorney announced that he was
proceeding under secs. 1436 and 4603a. Timely objections
were made to the sufficiency of the complaint, which were
overruled, and exceptions taken. The sentence is here sought
to be reviewed on writ of error sued out by the accused.

For the plaintiff in error there was a brief by *Toohey & Gil-
more,* and oral argument by *John Toohey.*

For the defendant in error there was a brief by the *Attor-
ney General,* and oral argument by *R. F. Hamilton,* second
assistant attorney general.

BARDEEN, J.   The statutes in relation to persons practic-
ing medicine and surgery in this state are in considerable
confusion. We shall not attempt to untangle them in this
case.   It seems to be admitted that this prosecution was
brought under secs. 1436 and 4603a, Stats. 1898. The first
section mentioned provides, in substance, that no person
practicing physic or surgery shall have the right to collect
fees for his services or testify in a professional capacity in
any case "unless he, before the 20th day of April, 1897, re-
ceived a diploma from some incorporated medical society or
college, or shall since said date have received a license from
the state board of medical examiners." Sec. 4603a provides

that any person prohibited by sec. 1436 from testifying in his professional capacity as a physician or surgeon, who shall assume the title of doctor under circumstances detailed therein, shall be punished by fine or imprisonment, and the burden of showing the defendant's right to use any such title shall be upon him. It will be observed that under sec. 1436 any person who has a diploma from any incorporated medical college or society, or has a license from the state board of medical examiners, may in either case testify in his professional capacity. To make it an offense to assume the title of doctor under sec. 4603a, it must appear that he has neither of these qualifications. Or to put it otherwise, it is not an offense for a person to assume the title of doctor if he had either the one or the other of the qualifications mentioned in sec. 1436. This conclusion results from a mere inspection of the statute, and is not the result of construction or interpretation. Inspecting the complaint, we find that it simply charges that the plaintiff in error unlawfully used the title of doctor without having obtained a license from the state board of examiners. Does this describe an offense under the statutes? Clearly not. The offense consists in assuming the title of doctor by one not having a diploma or a license. The offense charged is that of having no license. Certainly this does not describe the offense prescribed in the statute. The statute specifically defines the offense. It is not one known to the common law. The rule is that, when a complaint is founded on a statute creating an offense unknown to the common law, it must set forth the constituent facts and circumstances necessary to bring the accused fully within the statutory provisions. *State v. Gabriel,* 88 Mo. 631. Speaking of a criminal pleading under statutes, 1 Bishop, New Cr. Proc. § 612, says:

"It must employ so many of the substantial words of the statute as will enable the court to see on what one it is founded; beyond which it must have whatever other of these

statutory words are, either mingled with other words or not, as the case requires, essential to a complete description of the offense."

Again (§ 618):

"Statutory words essential in the description of the offense cannot be omitted."

See, also, Wharton, Cr. Pl. § 220.

"Words of a statute which are descriptive of an offense, a part of a statutory definition, cannot be omitted from any indictment based thereon without fatally vitiating such indictment." *State v. Hesseltine,* 130 Mo. 468.

In *Jensen v. State,* 60 Wis. 577, this court held a complaint bad under sec. 4595 because it did not negative the exception in the statute that the selling of the intoxicating liquor, as stated in the complaint, was not "a work of necessity or charity." It has never been held sufficient to sustain a criminal prosecution of this kind to merely charge a person with having "unlawfully" done the act. The pleader must go farther, and identify the offense, so as to bring his pleading within sec. 4669. This was not done in this case. We are well satisfied that the complaint fails to describe the offense prescribed by the statute, because it fails to allege that the accused did not have a diploma from an incorporated medical society or college, and hence was fatally defective.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded, with directions to dismiss the complaint and discharge the accused.