Piper, Plaintiff in error, vs. The State, Defendant in error.

*May 26—June 13, 1916.*

*Criminal law: Physicians and surgeons: Practicing without license: Prosecution: Counsel assisting district attorney: Appeal and error: Complaint: Sufficiency: Constitutional law: Statute defining practice of medicine: Classification: Equal protection of the laws: Trial by jury.*

1. Under sub. 9, sec. 1436, Stats. 1915, the attorney retained by the state board of medical examiners may, with the consent of the court and the district attorney, assist the district attorney in prosecutions for practicing medicine without a license.

2. The fact that such attorney of the board had assisted the district attorney in a prosecution in the district court before said statute was enacted is not an available objection upon review in the supreme court of a judgment of conviction in the Milwaukee municipal court, in which latter court the case was tried on appeal, after the statute took effect, upon the record returned from the district court.

3. In a prosecution for practicing medicine and surgery without a license, where the complaint sets out every element of the offense defined by the statute, it need not also state that defendant does not belong to any of the classes of medical and surgical practitioners who are exempted from the law by another section of the statute, that being a matter of defense.

4. The complaint in such a case may charge the commission of the offense on "information and belief."

5. Sec. 1435f, Stats. 1913,—which declared in substance that every person should be regarded as practicing medicine, surgery, or osteopathy who should append to his name certain words or letters or any other title, letters, or designation which represented or might tend to represent him as engaged in such practice, or who should for a fee prescribe or recommend any drugs or other medical or surgical treatment or osteopathic manipulation for the cure or relief of any bodily injury, infirmity, or disease,—did not make any arbitrary or unlawful classification, nor deprive any person of rights guaranteed by sec. 1, amendm. XIV, Const. of U. S., or sec. 11, art. I, Const. of Wis.; nor does anything in said statute conflict with the right of trial by jury guaranteed by sec. 5, art. I, Const. of Wis.

Error to review a judgment of the municipal court of Milwaukee county: A. C. Backus, Judge. *Affirmed.*

The plaintiff in error (hereinafter called the defendant) was convicted in the municipal court of Milwaukee county of practicing medicine without a license. Judgment was entered imposing a fine of $50 and costs of the suit, and in default of the payment of these sums that the defendant be committed to the house of correction of Milwaukee county until the fine and costs are paid or he be discharged, but such imprisonment not to exceed in all four months.

On December 14, 1914, a complaint was filed in the district court of Milwaukee county charging the defendant with having unlawfully practiced medicine and surgery. A warrant was issued on this complaint and the defendant appeared and pleaded not guilty. The case was tried by a jury of six in the district court January 29, 1915. Before trial the defendant was granted leave to withdraw his plea of not guilty and to file a plea in abatement, which was overruled, whereupon the plea of not guilty was again entered. Upon application of the district attorney, Mr. Umbreit, the attorney for the state board of medical examiners, was permitted by the court to assist the district attorney in the trial of the case. The written objections of defendant to Mr. Umbreit's assisting in the trial of the case were overruled. On February 19th the jury returned a sealed verdict finding the defendant guilty of the charge. Defendant then filed a motion for a new trial, which was denied. He thereupon filed a written motion in arrest of judgment, which was also denied. The district court awarded judgment on the verdict, imposing a fine of $50 and costs, and in default of payment that defendant be imprisoned in the house of correction for a term not exceeding four months. From this judgment an appeal was taken to the municipal court.

On November 13, 1915, a stipulation was received and filed for trial of the case in the municipal court without a jury, upon the record as returned from the district court. Mr. Umbreit, on motion of the district attorney, was ap-

pointed as special counsel to assist in the prosecution of the case.. The case was submitted, and on November 22, 1915, the municipal court found the defendant guilty of the offense charged and entered judgment of conviction as above stated. Defendant filed a motion in arrest of judgment, which was denied. The defendant prosecutes this writ of error to review the judgment.

For the plaintiff in error there was a brief by *Lehr & Kiefer,* attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *J. Elmer Lehr.* They contended, *inter alia,* that sec. 1435e, Stats., contains the conditions under which a person may be permitted to practice medicine, and defines the offense. Sec. 1435f goes much farther and provides what acts shall be regarded as practicing medicine and surgery. The fact as to whether or not the defendant was practicing medicine in violation of sec. 1435e is a question of fact for the jury, and when the legislature attempted to say what acts constituted a violation of sec. 1435e, by enacting sec. 1435f, they excluded from consideration of the jury the question of fact which the defendant has a right to have the jury pass upon under sec. 5, art. I, Const. Sec. 1435f also violates sec. 1, amendm. XIV, Const. of U. S., and sec. 11, art. I, Const. of Wis. The legislature cannot define the practice of medicine or surgery for the purpose of an act forbidding such practice without a license. *State v. Biggs,* 133 N. C. 729, 46 S. E. 401, 64 L. R. A. 139; *Lawton v. Steele,* 152 U. S. 137, 14 Sup. Ct. 499.

For the defendant in error there was a brief by *A. C. Umbreit,* counsel, the *Attorney General,* and *W. C. Zabel,* district attorney for Milwaukee county, and oral argument by *Mr. Umbreit.* As to the constitutionality of the law they cited *Denl v. West Virginia,* 129 U. S. 114, 9 Sup. Ct. 231; *Hawker v. New York,* 170 U. S. 189, 18 Sup. Ct. 573; *Reetz v. Michigan,* 188 U. S. 505, 23 Sup. Ct. 390; *Collins v. Texas,* 223 U. S. 288, 32 Sup. Ct. 286; *State v. Heine-*

*mann,* 80 Wis. 253, 49 N. W. 818; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561; *Arnold v. Schmidt,* 155 Wis. 55, 143 N. W. 1055.

SIEBECKER, J. (1) It is contended that the municipal court erred in permitting the retained attorney of the board of medical examiners to assist the district attorney in the prosecution of the case. The record shows that the district attorney requested and the court appointed such attorney special district attorney for the prosecution of the case. The judgment of conviction from which defendant appeals was rendered on November 22, 1915, in municipal court. At this time sub. 9, sec. 1436, Stats. 1915, was in force and defines in part the power and duties of the Wisconsin state board of medical examiners, namely:

"To investigate all complaints in regard to the violation, noncompliance with or disregard of the provisions of sections 1435a to 1435j, inclusive, and to bring all such cases to the notice of the proper prosecuting officers, and to institute prosecutions for such violations, noncompliance, and disregard; and it shall be the duty of the district attorney of the proper county to prosecute all violations of said sections 1435a to 1435j, inclusive. In such prosecutions and with the consent of the court and the district attorney, the attorney retained by the board may assist the district attorney."

It is clear that this statute authorized such retained attorney to participate in the trial in municipal court as he did with the consent of the court and district attorney. The fact that such attorney appeared in the case in the district court before the statute was enacted is no objection on review of the judgment of the municipal court.

(2) The claim that the complaint fails to state an offense and that it is fatally defective because it does not set forth the classes of medical and surgical practitioners exempted from the law is not sustained. The complaint set out every element of the offense defined by the statute in conformity

with the rule applied in *Schaeffer v. State,* 113 Wis. 595, 89 N. W. 481. The exemptions specified by sec. 1435*d,* Stats. 1915, are in a separate section and need not be specified in the complaint; these are defensive matters. See *Splinter v. State,* 140 Wis. 567, 123 N. W. 97.

(3) It is urged that the complaint is defective because it charges the commission of the offense on "information and belief." This form of complaint has been held sufficient to meet the calls of statutes like those involved here. *State v. Davie,* 62 Wis. 305, 22 N. W. 411; *Murphy v. State,* 124 Wis. 635, 102 N. W. 1087.

(4) It is also contended that the provisions of sec. 1435*f,* Stats. 1913, arbitrarily attempt to define what is to constitute the practice of medicine and surgery and condemn practices which do not in substance constitute the practice of medicine and surgery and hence deprive persons of rights guaranteed them by sec. 1, amendm. XIV, of the federal constitution and secs. 5 and 11, art. I, of the state constitution. Defendant claims on this point that the provisions of sec. 1435*f,* Stats. 1913, which declare that all persons shall be regarded as practicing medicine, surgery, or osteopathy who shall append to their names the words or letters "'Doctor,' 'Dr.,' 'Professor,' 'Prof.,' 'Specialist,' 'M. D.,' 'M. B.,' or 'D. O.' or any other title letters, combination of letters or designation which in any way represents him or her, or may tend to represent him or her, as engaged in the practice of medicine, surgery, or osteopathy, in any of its branches, or who shall for a fee or for any compensation of any kind or nature whatsoever, prescribe or recommend for like use any drugs or other medical or surgical treatment or osteopathic manipulation, for the cure or relief of any wound, fracture, bodily injury, infirmity or disease, . . ." are an arbitrary and unlawful classification as medical and surgical practitioners of persons who are not necessarily engaged as such practitioners, and thus deprives them of the liberty to do these things, contrary to their constitutional rights. The contention over-

looks the provision that the use of the words or titles so ·appended to a name is denounced by the law whenever they represent or tend to represent the person as a practitioner of· medicine, surgery, or osteopathy, or if he as such a practitioner does anything by way of treatment or gives a prescription for a fee.    All the prohibited acts are limited to persons ·who in fact do these things as practitioners of medicine, surgery, or osteopathy.    When so applied these regulations have been repeatedly held to be within the legislative power. *State v. Heinemann,* 80 Wis. 253, 49 N. W. 818; *State ex rel. Kellogg v. Currens,* 111 Wis. 431, 87 N. W. 561; *State ex rel. Milwaukee Med. Coll. v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *Arnold v. Schmidt,* 155 Wis. 55, 143 N. W. 1055.    We discover nothing in these provisions which conflicts with the right of trial by jury in cases arising under this law.    The statute is a proper one for the regulation of the practice of medicine, surgery, or osteopathy, and the provisions accomplish this purpose in a reasonable way.    The evidence before the court is sufficient to sustain the conviction.    There is no reversible error in the record.

*By the Court.*—The judgment appealed from is affirmed.