STATE, Plaintiff in error, vs. RIPLEY, Defendant in error.

*April 6—June 18, 1928.*

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *Van R. Coppernoll,* district attorney of Richland county, and oral argument by *Mr. Messerschmidt* and *Mr. Coppernoll.*

For the defendant in error there was a brief by *Black & Clark* of Richland Center, and oral argument by *R. A. Clark*.

OWEN, J. The defendant was charged with having in his possession manufactured distilled intoxicating liquor. His arrest and prosecution followed the search of his premises pursuant to a search warrant. The search warrant was issued upon oral testimony and the affidavit of one D. O. Dietzman, who swore that "he is informed and verily believes that Warren Ripley now unlawfully has concealed in his possession illegal distilled intoxicating liquor fit for beverage purposes containing more than one half of one per cent. of alcohol by volume without a permit from the state prohibition commissioner so to do, on the premises occupied by Warren Ripley and described as follows: the dwelling house, barn, and other outbuildings and the grounds thereof, on and of the northwest quarter of the northwest quarter of section 34, township 11, range 2 east, in said county; and that said premises are occupied as a private dwelling and for agricultural purposes, and prays that a search warant be issued to search the aforesaid premises for said property."

In the oral testimony preserved by the justice of the peace it appears that he testified: "I have been informed by persons whom I believe are responsible and I do believe the information, that illegal intoxicating liquor fit for beverage purposes containing more than one half of one per cent. of alcohol by volume, without a permit from the state prohibition commissioner so to do, is being possessed on the premises of Warren Ripley used as his dwelling and for agricultural purposes," etc.

Neither the sworn testimony preserved, nor the affidavit upon which the search warrant issued, contains a statement of any fact upon which a magistrate could find reasonable

cause to believe either that Warren Ripley had intoxicating liquor in his possession or that his dwelling house was being used "for the unlawful manufacture for sale, unlawful sale or possession for sale" of liquor.

Upon a motion to suppress the evidence obtained by the search pursuant to the search warrant issued, the State attempted to prove that evidence not preserved was given before the magistrate which could satisfy the magistrate that there was reasonable cause to believe that Warren Ripley had illegally manufactured intoxicating liquor in his possession and that his dwelling was being used for the purpose of the sale of such liquor. The court ruled such evidence inadmissible, held the search warrant invalid, and, because there was no other evidence, discharged the defendant.

The State does not now contend that the search warrant was based upon sufficient evidence, but it is contended that further evidence upon the motion to suppress to show that the magistrate had before him evidence not preserved was admissible. This court has recently reviewed and reconsidered the former decisions of this court bearing upon these questions in *Glodowski v. State,* decided herewith (*ante,* p. 265, 220 N. W. 227), the conclusion being that a search warrant issued upon such evidence as is here presented is invalid and illegal, and that testimony is not admissible upon a motion to suppress, to show that the magistrate had before him, in support of the search warrant, any other or additional evidence than that preserved by him or embodied in the complaint upon which the search warrant issued. It follows that the order and judgment under review must be affirmed.

*By the Court.*—So ordered.