STATE, Respondent, v. LUCZAJ, Appellant.

*December 4, 1959—January 5, 1960.*

For the appellant there was a brief by *Posner & Rubin* of Milwaukee, and oral argument by *Alexander N. Rubin.*

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, and *Hugh R. O'Connell,* special assistant district attorney, with whom on the brief were *John W. Reynolds,* attorney general, and *William J. McCauley,* district attorney of Milwaukee county.

Brown, J. Appellant submits that she was not accorded due process of law because the complaint upon which the warrant was issued did not establish that there was probable cause to issue the warrant. Sec. 954.02 (1), Stats., authorizes a complaint made upon information and belief, and sub. (2) "If it appears from the complaint that there is probable cause to believe that a crime has been committed and the accused committed it, . . ." the warrant shall issue. The form of complaint and its foundation, information and belief, was held to be sufficient to support a warrant in *State v. Davie* (1885), 62 Wis. 305, 22 N. W. 411. That case was cited with approval in *Piper v. State* (1916), 163 Wis. 604, 158 N. W. 319, and a like result was reached. We conclude that the complaint and the warrant issued upon it conform to our established precedents and this assignment of error is without merit.

Appellant submits that upon the trial of the general issue she should have been permitted to inquire into the existence of probable cause at the time the complaint was made.

Sec. 955.09 (3), Stats., provides that "Defenses and objections based on defects in the institution of proceedings, . . . or the use of illegal means to secure evidence (except confessions) must be raised before trial by motion or be deemed waived." Sub. (5) provides: "The motion shall be determined before trial of the general issue unless the court orders that it be deferred for determination at such trial. . . ."

The alleged defect in the proceedings was raised by the defendant's notice of motion prior to the trial that she would move to suppress the evidence because obtained by illegal means. When the case was called for trial the court ruled that it would hear the motion and determine it before trying the general issue and directed appellant's counsel to proceed with his motion. Counsel was not ready, whereupon, in

effect, the court denied the motion and directed the trial of the general issue to be commenced. Thereafter, during trial of the general issue, the court ruled on evidence as though the motion had been heard and determined in respondent's favor. We find no error in the dispositions made by the learned trial court in these matters.

Appellant's counsel submits that he had been misled by an assistant district attorney—not the one who tried the case—that further delay would be granted him in pursuing his motion and that he was "surprised" by being required to proceed at once. Wherefore, counsel says, the court abused its discretion in refusing to defer determination of the motion and merge it into the general issue. There had been ample time to prepare and present the motion. Appellant had filed two affidavits of prejudice and a third judge had now come into the case. There is no written stipulation that the state would agree to further delay and the record is far from clear concerning whatever may have been said in conversation between the state's former attorney and appellant's counsel. The court followed sec. 955.09 (3), Stats., and used the discretion given him by sub. (5). We do not think this was an abuse of discretion. The court might well conclude that under the circumstances further delay was not required in getting to the merits.

Lastly, appellant contends that the state's only evidence is insufficient because all of it was obtained incidental to the arrest. In our view that evidence does not lack persuasive power. The trial court believed the state's witnesses and doubted the appellant's statement of facts and her explanations of obviously incriminating conduct. We conclude the evidence amply supports the judgment and we perceive no reversible error in the course of the trial.

*By the Court.*—Judgment affirmed.

MARTIN, C. J., took no part.

CURRIE, J. (*concurring*). The instant case does make apparent a rather disturbing anomaly in the criminal law of this state. Sec. 11, art. I of the Wisconsin constitution, is couched in almost the identical language of the Fourth amendment to the United States constitution, and reads as follows:

"The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

This court has held that such constitutional provision invalidates a search warrant which is issued upon a statement under oath, or an affidavit, grounded upon information and belief. *Glodowski v. State* (1928), 196 Wis. 265, 220 N. W. 227, and *State v. Ripley* (1928), 196 Wis. 288, 220 N. W. 235. However, sec. 954.02 (1), Stats., authorizes the complaint, upon which a warrant for arrest may be issued, to be made upon information and belief.

If, in the instant case, a valid search warrant could not have been obtained to secure the necessary evidence to convict the accused, sec. 11, art. I, Wis. Const., should not be circumvented by securing the issuance of a warrant for the arrest of the accused on a showing of mere information and belief, not substantiated by grounds of probable cause, and then making the search. The provision against unlawful searches of sec. 11, art. I of our constitution, has long been considered to be one of the bulwarks of the liberty of free men, and it is imperative that it ever be preserved as such. We find it unnecessary to formulate the rule of law which should be adopted to accomplish this in such a fact situation. This is because of the waiver which here occurred.

The accused in the instant prosecution before trial did make and file a timely notice of motion to suppress the evidence obtained by the search of her purse. As pointed out in the majority opinion, the trial court afforded counsel for the accused the opportunity to try the issue raised by such motion to suppress before proceeding to try the general issue. For some reason counsel for the accused declined such opportunity, and later during the course of the trial attempted to raise the issue of the want of probable cause in the issuance of the warrant. It was then too late for counsel to make such move. Sec. 955.09, Stats. Therefore, the accused must be deemed to have waived her right to object to the alleged illegally obtained evidence.

The brief of the accused cites the case of *Giordenello v. United States* (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. (2d) 1503, in which the facts closely parallel those of the instant case. However, that case is distinguishable because there the motion to suppress was both made and denied before trial.

I am authorized to state that Mr. Justice HALLOWS and Mr. Justice DIETERICH concur in this opinion.