STATE, Respondent, v. BEAL, Appellant.*

*No. State 19. Argued October 30, 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 640.)

* Motion for rehearing denied, without costs, on February 4, 1969.

608

610

For the appellant there was a brief by *Morse, Morse & Roggensack* of Lancaster, and oral argument by *R. R. Roggensack* and *E. J. Morse, Jr.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *James B. Halferty,* district attorney of Grant county.

CONNOR T. HANSEN, J. The defendant presents four issues on this appeal.

(1) Whether the motion to suppress the evidence should have been granted because the complaint for the search warrant was based on hearsay?

(2) Whether the issuance of the search warrant was predicated on future acts or contingencies?

(3) Whether the inspection of the parcel at the post office constituted an unreasonable search?

(4) Whether the trial court abused its discretion in denying probation to the defendant?

In October, 1967, the district attorney of Grant county was informed by a "federal employee charged with duties of law enforcement" that a first-class parcel addressed to the defendant in Platteville, and leaking a substance believed to be marijuana, was seen while in the United States mails at Milwaukee. The parcel was placed in a large envelope and mailed to the postmaster at Platteville.

The following morning the parcel arrived at the Platteville post office. The assistant postmaster opened the envelope revealing the package. This was done in the presence of the Platteville chief of police. The chief was permitted to examine the package and observe that shredded material trickled out of the package where it was damaged. The chief was allowed to look at the package and place some fluorescent powder on the outside of it for identification purposes. He was not permitted to open it, probe into it or take any of the material which had leaked out of the package. The package was retained by the assistant postmaster, and at 11:59 a. m. the package and its loose contents were delivered to the defendant.

Upon leaving the post office, the chief of police telephoned the district attorney at Lancaster and told him what he had seen. The district attorney swore to a complaint for a search warrant to permit a search for the parcel at the defendant's residence. The complaint of

the district attorney was based upon information he had received from the federal employee in Milwaukee, and information concerning the defendant's identity obtained from an official at Platteville University. The complaint did not mention the inspection of the package at the Platteville post office by the chief of police.

The search was made about forty-five minutes after the package was delivered to the defendant. Plant material was retrieved from the water in defendant's toilet bowl while the water was still in motion. At the trial, the material was identified as marijuana.

The defendant was taken into custody when the search was completed, but then released pending laboratory test results. He was formally arrested two days later, waived preliminary hearing and was bound over to the circuit court for trial.

Prior to arraignment, the defendant made a motion before the Hon. RICHARD W. ORTON, Circuit Judge for Grant county, to suppress the evidence seized through the use of the search warrant. The motion was denied. An affidavit of prejudice was subsequently filed. Hon. KENT C. HOUCK was assigned to hear the case. The motion to suppress was renewed and again denied.

### Search Warrant.

Since art. I, sec. 11 of the Wisconsin Constitution is substantially like the fourth amendment of the United States Constitution, we have held that the standards and principles surrounding the fourth amendment are generally applicable to the construction of art. I, sec. 11, and that a finding of probable cause under federal standards will normally result in a finding of probable cause under state standards. *Browne v. State* (1964), 24 Wis. 2d 491, 503, 129 N. W. 2d 175, 131 N. W. 2d 169, certiorari denied, 379 U. S. 1004, 85 Sup. Ct. 730, 13 L. Ed. 2d 706, rehearing denied, 380 U. S. 959, 85 Sup. Ct. 1094, 13 L. Ed. 2d 977.

An evaluation of the constitutionality of a search warrant should begin with the rule that "the informed and deliberate determinations of magistrates empowered to issue warrants . . . are to be preferred over the hurried action of officers . . . who may happen to make arrests." *United States v. Lefkowitz* (1932), 285 U. S. 452, 464, 52 Sup. Ct. 420, 76 L. Ed. 877.

"The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States* (1948), 333 U. S. 10, 13, 14, 68 Sup. Ct. 367, 92 L. Ed. 436.

A search warrant may issue only upon a finding of probable cause. In spite of dicta to the contrary in *Glodowski v. State* (1928), 196 Wis. 265, 273, 220 N. W. 227, the term "probable cause" means less than evidence which would justify condemnation or be competent in a preliminary examination. The criterion of admissibility in evidence "goes much too far in confusing and disregarding the difference between what is required to prove guilt in a criminal case and that what is required to show probable cause for arrest or search. . . . There is a large difference between the two things to be proved [guilt and probable cause], as well as between the tribunals which determine them, and therefore a like difference in the *quanta* and modes of proof required to establish them." *Brinegar v. United States* (1949), 338 U. S. 160, 172, 173, 69 Sup. Ct. 1302, 93 L. Ed. 1879; *United States v. Ventresca* (1965), 380 U. S. 102, 108, 85 Sup. Ct. 741, 13 L. Ed. 2d 684.

Thus in the federal system a finding of "probable cause" may rest upon evidence which is not legally competent. *Ventresca, supra; Draper v. United States*

(1959), 358 U. S. 307, 311, 79 Sup. Ct. 329, 3 L. Ed. 2d 327. Hearsay may be the basis for issuance of a search warrant "so long as there [is] a substantial basis for crediting the hearsay." *Jones v. United States* (1960), 362 U. S. 257, 272, 80 Sup. Ct. 725, 4 L. Ed. 2d 697.

We conclude that these standards should be applied in this state. Henceforth a complaint for the issuance of a search warrant may be based on hearsay information and need not reflect the direct personal observations of the complainant as long as the magistrate is informed in the manner provided by sec. 963.02, Stats.,[1] of the underlying circumstances supporting the complainant's averment on information and belief that the informant, whose identity by name need not be disclosed, was credible or his information reliable. *Aguilar v. Texas* (1964), 378 U. S. 108, 114, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723.

By establishing these standards for the issuance of a search warrant we also eliminate an anomaly in our law as regards the standards for issuing arrest warrants and search warrants. See the opinion of Mr. Justice CURRIE, concurring in *State v. Luczaj* (1960), 9 Wis. 2d 199, 204, 100 N. W. 2d 368. Though the basis for issuance of each is "probable cause," the former could be issued on information and belief and prior to this decision the latter could not. Our holding today will establish the same procedure for determining "probable cause" for the issuance of a search warrant and for the issuance of an arrest warrant.

In applying these rules to the present case, though the complaint here should not necessarily be taken as a model, we cannot say that there was so little basis for accepting the hearsay here that the magistrate acted improperly.

---

[1] "963.02 **Search warrants; when issued.** Upon presentation of a sworn complaint or affidavit, or of oral testimony recorded by a phonographic reporter, showing probable cause therefor, such magistrate shall issue a warrant to search for and seize any of the following: . . ."

The critical portion of the complaint sworn to by the district attorney is as follows:

"The facts tending to establish the grounds for issuing a search warrant are as follows:

"Complainant is the District Attorney for Grant County, Wisconsin, duly elected, qualified and acting. On Monday, October 23rd complainant was informed that the parcel described above had been seen by a reliable informer while in the U. S. Mail in Milwaukee, Wisconsin, and that said parcel had been damaged and the contents thereof were leaking out; that said informer is an employee of the U. S. of America, charged with duties of law enforcement and stated that he believes the contents of such package are marijuana; that said informer is acquainted with marijuana and knows its appearance in processed form; that said informer believed that the contents of such package were marijuana because of the odor, because of the presence of certain small seeds therein and because of the color and shredded form of the leaves; . . ."

The complaint sufficiently discloses the source of the complainant's information and knowledge as well as the qualifications and credibility of the informer. We believe the magistrate acted properly in determining that there was a substantial basis for crediting the hearsay in finding probable cause.

The defendant next contends that since the complaint states that the package would be delivered to Beal's premises "at or about 12:34 p. m." and the warrant was issued at 12:15 p. m., the complaint on its face shows that the property to be seized was not then on the premises to be searched and that, therefore, no crime had been completed. We find little merit to this contention. The marijuana and its container were in fact on the premises to be searched prior to the issuance of the search warrant.

The simultaneous nature of the issuance of the warrant and commission of the crime vitiates the contention that the issuance of the warrant was predicated on future

acts or contingencies. For all practical purposes, the crime could be considered completed when the warrant issued. In fact, it was completed.

Defendant's final contention is that the examination of the damaged package in Milwaukee was an unreasonable search and inspection of first-class mail, and therefore the search warrant was the fruit of a previous unlawful search. Defendant further claims that the inspection by the chief of police at the Platteville post office constituted an unreasonable search.

Defendant cites 39 U. S. Code, sec. 4057 (1962), as support for his position. That section states:

"Only an employee opening dead mail by authority of the Postmaster General, or a person holding a search warrant authorized by law may open any letter or parcel of the first class which is in the custody of the Department."

Neither the authorities in Milwaukee nor the authorities in Platteville violated sec. 4057 for the simple reason that the package was not opened by them. In fact, it appears the postal authorities in Milwaukee and Platteville took great pains to stay within the ambit of sec. 4057. The Platteville police chief was not permitted to open the package, or retain it, or retain any of the substance that leaked out of it. There was a mere viewing of the outside of the package and of some material accidentally exposed from it.

Though we determine sec. 4057 was not violated, the appellant further contends that the view of the package constituted an unreasonable search.

In *Edwards v. State* (1968), 38 Wis. 2d 332, 338, 339, 156 N. W. 2d 397, we pointed out that:

"A search can be conducted by one's eyes alone. However, 'A search implies a prying into hidden places for that which is concealed'. . . . It is not a search to observe what is in plain view. . . . Even though visual surveillance of things within plain view may be regarded as a search the real issue to be settled is whether or not

such activities are regarded as an unreasonable search as circumscribed by either the Fourth amendment of the United States constitution or art. I, sec. 11 of the Wisconsin constitution."

Thus, even if the view of the package were to be considered a search, the test to be applied in determining whether such a search is constitutional is one of reasonableness under the circumstances. It cannot be considered unreasonable for officers charged with the duties and responsibilities of law enforcement to look at a substance leaking from a package which has been partially broken open in transit. The alternative would, in effect, require them to close their eyes.

## Sentencing.

The defendant asks that his two-year sentence be reviewed and probation be granted.

The power of an appellate court to review a lawfully imposed sentence is governed by a strong policy against interference with the discretion of the trial court. *State v. Rice* (1967), 37 Wis. 2d 392, 401, 155 N. W. 2d 116; *Nelson v. State* (1967), 35 Wis. 2d 797, 151 N. W. 2d 694.

The granting of probation is allowed only as prescribed by statute. Sec. 57.01, Stats., provides in part that probation may be granted to a convicted felon if ". . . it appears to the court from his character and the circumstances of the case that he is not likely again to commit crime and that the public welfare does not require that he shall suffer the penalty of the law . . . ."

Here the trial court not only observed the defendant, but it had the advantage of a presentence investigation which explored the defendant's background, circumstances and attitude. There is no basis for concluding that the trial court, which after careful deliberation imposed a minimum sentence, abused its discretion in this case.

*By the Court.*—Judgment affirmed.