State v. Baltes, 183 Wis. 545.

———————

State, Plaintiff in error, vs. Baltes, Defendant in error.

*March 15—April 8, 1924.*

*Searches: Issuance of warrant: Probable cause: What constitutes: Evidence: Procedure: Absence of sworn testimony when warrant is issued: Validity: Suppression of evidence.*

1. The "cause" and "reasonable cause" required by secs. 4839 and 4840, Stats., for the issuance of a search warrant mean the "probable cause" prescribed by sec. 11, art. I, Const., as the statute cannot require less than the constitution requires. p. 549.
2. The "probable cause" so required means the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by the applicant for the warrant is true. p. 549.

3. Such "probable cause" does not require positive proof of the existence of the facts on which the warrant is issued, but it is sufficient that the sworn proof is of such a character as to induce in the mind of the magistrate an honest belief that they exist.   p. 550.

4. The evidence upon which a magistrate may find such probable cause to exist need not be made in positive terms by one who claims to know the facts, but may be circumstantial and be made upon information and belief.   p. 550.

5. The procedure to be followed in the issuance of a search warrant under secs. 4839 and 4840, Stats., is that the magistrate examine under oath the applicant for the warrant and any other witnesses, reduce their testimony, or so much thereof as he relied upon in issuing the warrant, to writing, and then, if he finds from it probable cause for issuing the warrant, reduce the complaint to writing, have it sworn to, and issue the warrant.   p. 551.

6. The essential prerequisite to the issuance of a valid search warrant is the taking of sworn testimony of the applicant and other witnesses and the judicial action upon such sworn testimony by the magistrate resulting in the finding that probable cause exists for the issuance of the warrant.   p. 552.

7. The applicant for a search warrant cannot, by merely filling in a blank and swearing to it, secure a valid search warrant.   p. 552.

8. Generally it will be presumed that the proceedings resulting in the issuance of a search warrant are regular; but where it is challenged at the inception of the proceedings an inquiry as to its validity will be had, and if it appear that no sworn testimony was adduced to support the warrant the evidence secured by its use will be suppressed.   p. 553.

Error to review an order of the superior court of Dane county: August C. Hoppmann, Judge.   *Affirmed.*

The defendant was arrested upon a charge of having unlawfully in his possession a still, mash, and privately manufactured liquor.   At the preliminary hearing he pleaded not guilty.   The State produced evidence that two state prohibition agents accompanied by two federal agents had visited defendant's premises and made a search of the dwelling house and outbuildings, and that in such search they found in the summer kitchen a five-gallon still in operation, a two-quart can receiving the liquor, a small amount of

mash, and about a gallon of moonshine whisky. B. C. Parkinson, one of the state agents, had in his possession a search warrant, which he read to the defendant upon entering, authorizing the search of defendant's premises. The complaint, duly subscribed and sworn to by Mr. Parkinson, upon which the warrant was based, omitting the descriptions of the premises, reads as follows:

"State of Wisconsin, } ss.        In Superior Court.
    "Dane County.

    "B. C. Parkinson, being first duly sworn, complains, on oath and says, he is informed and believes that on the 16th day of April, 1923, and divers times prior thereto, in said county, certain personal property, to wit, intoxicating liquor, mash from which distilled liquor is customarily made, still, hydrometer, and other contrivances capable of being used in the unlawful manufacture and unlawful sale of liquor, were unlawfully possessed, and that at said time and place intoxicating liquor was unlawfully manufactured for sale, unlawfully possessed, and unlawfully sold by *George Baltes* or by some persons or person unknown, and he has good reasons to believe, and does believe, that said personal property, or some part thereof, is concealed on the premises occupied by the said *George Baltes* and described as follows: . . . and he prays that a search warrant be forthwith issued to search the aforesaid premises for said property."

It appears from the record that neither Mr. Parkinson nor any other witness was sworn by the magistrate before the issuance of the search warrant. The proceedings had, before the issuance of the warrant, consisted in an oral statement made by Mr. Parkinson to the magistrate to the effect that somebody, whose name is not disclosed, had given some information to Mr. Parkinson upon which he acted in applying for the search warrant. He was unable to state the names of his informants, except that they were citizens of Middleton. None of the information conveyed by Mr. Parkinson to the magistrate was given under oath and he was not sworn by the magistrate until he swore to the com-

plaint.  At the close of the preliminary hearing the defendant moved (1) that the search warrant be quashed; (2) that all testimony and exhibits produced by the State derived from the search of the premises be stricken from the records; and (3) for the discharge of the defendant.  The motions were granted, and from an order entered accordingly the State sued out a writ of error.

For the plaintiff in error there was a brief by the *Attorney General, J. E. Messerschmidt*, assistant attorney general, *Theodore G. Lewis*, district attorney of Dane county, and *Philip G. Sanborn*, assistant district attorney, and oral argument by *Mr. Sanborn* and *Mr. Messerschmidt*.

For the defendant in error there was a brief by *Kroncke & Sauthoff*, attorneys, and *Ralph W. Jackman* and *G. D. Roberts*, of counsel, all of Madison, and oral argument by *Mr. Jackman* and *Mr. Roberts*.

VINJE, C. J.    The case presents the question as to what proceedings before a magistrate must be had to authorize the issuance of a valid search warrant.  As more precisely presented by the facts of this case, the narrower question is, Can a search warrant lawfully issue without sworn testimony being taken by the magistrate?  The constitutional guaranty against unreasonable searches and seizures is found in sec. 11, art. I, which reads:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrants shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."

The statutory provisions regulating the issuance of search warrants are found in secs. 4839 and 4840, Stats., which respectively read:

"When complaint shall be made on oath to any magistrate authorized to issue warrants in criminal cases that personal

State v. Baltes, 183 Wis. 545.

property has been stolen or embezzled or obtained by false tokens or pretenses and that the complainant believes that it is concealed in any particular house or place, the magistrate, if he be satisfied that there is cause for such belief, shall issue his warrant to search for such property."

"Any such magistrate, when satisfied that there is reasonable cause, may also, upon like complaint made on oath, issue such warrants in the following cases, to wit: . . . (6) To search for and seize any liquor unlawfully possessed or property designed for the unlawful manufacture of liquor."

It will be noted that the constitutional provision requires the existence of *probable cause* before a warrant can issue. Sec. 4839 of the Statutes says, "the magistrate, if he be satisfied that there is *cause* for such belief, shall issue his warrant;" and sec. 4840 of the Statutes says, "Any such magistrate, when satisfied that there is *reasonable cause,* may also, upon like complaint made on oath, issue such warrants." This difference in statutory phraseology is not material because it is evident that the statute cannot require less than the constitution requires. So the words *cause* and *reasonable cause* found in the statute must be construed to mean the probable cause prescribed by the constitution. The term *probable cause* has a well defined meaning in the law, which is the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by the applicant for the warrant is true. *Wheeler v. Nesbitt,* 24 How. (65 U. S.) 544. Our court has approved even a less stringent definition, taken from the case of *Bacon v. Towne,* 4 Cush. (Mass.) 217, written by Chief Justice SHAW, in which he says: "Probable cause is such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." *Eggett v. Allen,* 106 Wis. 633, 638, 82 N. W. 566.

It follows from the above definitions of probable cause

that it is not necessary that there should be positive proof of the existence of the facts upon which the issuance of a search warrant is based. It is sufficient that the sworn proof is of such a character as to induce in the mind of the magistrate an honest belief that they exist. As was said in *State v. Davie,* 62 Wis. 305, 308, 22 N. W. 411: "The words *probable cause* do not mean actual and positive cause. An indictment imports only probable cause, and probable cause is sufficient ground of an indictment by a grand jury."

The evidence upon which the magistrate may find probable cause to exist need not be made in positive terms by one who claims to know the facts. It may be circumstantial and be made upon information and belief. The language of our court in *State v. Davie* as to what is sufficient basis for a criminal complaint is so apt and appropriate that we reproduce it here because it applies equally well to the issuance of a search warrant:

"In reference to the authorities that may hold in all cases before an accused person can be arrested for crime a complaint must be made in positive terms and by a person who knows all the facts constituting the offense, we are free to say that they are unreasonable, if nothing more. There would be, and could be, but very few arrests under such a rule. Crime frequently rests upon circumstantial evidence, and very numerous facts in the knowledge of numerous persons, and all such witnesses could not be speedily and summarily brought before the magistrate to make complaint, and they could not be compelled to do so if they could be found. A complaint is not a conviction, any more than an information or indictment, and the accused should not be fully tried upon all the evidence before he is arrested, and his case prejudiced thereby. The indictment or information is a mere charge of an offense, and why should a complaint before a magistrate be anything more to warrant the arrest of the accused?

"The rule contended for would make the execution of the criminal laws impracticable if not impossible, and many offenders would escape justice. It would be a very humane and safe rule for the criminal, but cruel and unsafe for so-

State v. Baltes, 183 Wis. 545.

ciety. The complainant may be in possession of such facts, by information or otherwise, as would give him good reason to believe that a certain person had committed an offense, and the persons who have knowledge of the facts of the crime may be either unable or unwilling to make complaint. What shall be done? Our statute sufficiently guards and protects the rights of accused persons, and, if strictly followed, there will be no danger of wanton or causeless arrests, and it is by our own statute that this complaint is to be tested. The language is, 'Upon complaint made to any justice of the peace by any constable, or other person, that any such offense has been committed within the county, he shall examine the complainant on oath, and the witnesses produced by him, and shall reduce the complaint to writing, and cause the same to be subscribed by the complainant, and if it shall appear that such offense had been committed, the said justice shall issue his warrant reciting the substance of the complaint, requiring the officer to whom it is directed forthwith to arrest the accused,' etc.

"The plain meaning is that a verbal or oral complaint is first made, then the justice examines the complainant on oath, and other witnesses produced by him, if he produces any, and he shall then reduce the complaint to writing and cause it to be subscribed by the complainant; that is, the complainant first mentioned. The statute does not require that any formal complaint should be sworn to. The examination, which is far better and safer, is made under oath." Page 309.

The procedure indicated and which should be followed in the issuance of search warrants is that the magistrate should examine under oath the applicant for the search warrant and his witnesses and should reduce their sworn testimony to writing, or at least so much thereof as he relied upon in issuing the warrant, and then if he finds from all the sworn testimony in the case that there is probable cause for the issuance of the warrant he will reduce the complaint to writing, have it sworn to, and issue the warrant. It is not necessary that the evidence or any part thereof should be incorporated into the complaint and warrant except the allegation of such facts as are necessary to constitute a valid com-

plaint and warrant. If sworn testimony is taken before a magistrate and he finds therefrom probable cause, the complaint may be upon information and belief. But it must be sworn to. *State ex rel. De Puy v. Evans,* 88 Wis. 255, 260, 60 N. W. 433. Even in a felony case it has been held that a complaint upon information and belief is good. *Murphy v. State,* 124 Wis. 635, 102 N. W. 1087. The essential prerequisite to the issuance of a valid search warrant is the taking of sworn testimony from the applicant and witnesses, if any, and the judicial action upon such sworn testimony by the magistrate resulting in the finding that probable cause exists for the issuance of the warrant. The magistrate has power to subpœna and swear other witnesses than those produced by the applicant. *State ex. rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13. This is because the proceeding is a judicial one and the magistrate can call for such evidence as he deems necessary or desirable. It is not a mere ministerial or administrative act. *State ex rel. Long v. Keyes, supra; Hoyer v. State,* 180 Wis. 407, 193 N. W. 89; *Jokosh v. State,* 181 Wis. 160, 193 N. W. 976. The applicant for the search warrant cannot, by merely filling in a blank and swearing to it, secure a valid search warrant. He cannot substitute himself for the magistrate, nor does the statute permit the magistrate to abdicate his judicial duty of determining whether or not probable cause exists. Upon this subject the law is clearly stated in 24 Ruling Case Law, 707, and we reproduce it here for the guidance of the bar:

"As a general rule, constitutional and statutory provisions relating to search warrants prohibit their issuance except on a showing of probable cause supported by oath or affirmation. The magistrate cannot arbitrarily issue the warrant; he must require a *prima facie* case to be made by some responsible person before he has any power to authorize the invasion of private property. The question of probable cause does not depend on whether the offense had been committed in fact, or whether the accused is guilty or innocent, but on the affiant's belief based on reasonable grounds. He

may act on appearances, and if the apparent facts are such that a discreet and prudent man would be led to the belief that the accused had committed a crime, he will not be liable for malicious prosecution although it may turn out that the accused was innocent; but mere suspicions without any reasonable ground for believing them to be founded in fact will not amount to a probable cause. It is the judge or magistrate before whom the complaint is filed who determines the question of the existence of 'probable cause' for the issuance of the search warrant, and not the person who files or verifies the complaint, and asks for the warrant."

Valuable notes upon the subject may be found in 3 A. L. R. 1514; 13 A. L. R. 1316; and in 27 A. L. R. 709. Since the law on the subject in our state is well settled by earlier decisions heretofore referred to, we do not deem it necessary to cite or distinguish foreign cases.

Generally it will be presumed that the proceedings resulting in the issuance of a search warrant are regular and sustain the issuance of the warrant. But where, as here, it is challenged at the inception of the proceedings, an inquiry as to its validity will be had, and if it be made to appear, as it was here without dispute, that no sworn testimony was adduced to support the warrant, the evidence secured by the use of the illegal warrant will be suppressed.

*By the Court.*—Order affirmed.