State, Plaintiff, vs. Blumenstein, Defendant.

*February 13—March 10, 1925.*

*Searches and seizures: Probable cause: Necessity of reducing testimony to writing: Parol proof of testimony of applicant: Necessity of formal finding of probable cause.*

1. Secs. 4839 and 4840, Stats., providing for the issuance of search warrants, must be construed in accordance with the constitutional requirements on the subject of searches and seizures; and no search warrant can issue except on a showing of probable cause by an examination by the magistrate of one or more witnesses.    p. 430.

2. Probable cause justifying the issuance of a search warrant may be shown by oral statements of the applicant or of witnesses, or from such statements when reduced to writing; but while magistrates are strongly urged to reduce the testimony so taken to writing, there is no requirement that it be done. *State v. Baltes,* 183 Wis. 545, explained.    p. 430.

State v. Blumenstein, 186 Wis. 428.

3. Where a justice of the peace failed to reduce to writing testimony showing probable cause as a prerequisite to the issuance of a search warrant, compliance with constitutional and statutory requisites could be proved by parol testimony in a prosecution involving the question as to the validity of the warrant.  p. 432.

4. A recital in a search warrant that the justice was "satisfied that there was reasonable cause for" the belief that defendant was violating the law, is a sufficient finding of probable cause; but independent of such recital the issuance of the warrant is equivalent to a formal adjudication of probable cause.  p. 433.

REPORTED from the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *The first question answered in the negative; the second and third in the affirmative; and the fourth, fifth, and sixth are not answered.*

The defendant was convicted by a jury in a criminal case of having in his possession and transporting illicit liquor. Certain questions were reported to this court under the provisions of sec. 4721 of the Statutes.

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *S. G. Dunwiddie,* special district attorney for Rock county, and oral argument by *Mr. Dunwiddie* and *Mr. Messerschmidt.*

For the defendant there was a brief by *Mistele & Smith* of Jefferson, and oral argument by *Lynn H. Smith.*

DOERFLER, J.    Question number 1 reads as follows:

"Was the search warrant void because the justice did not at the time he examined the witness under oath reduce the testimony to writing, in view of the statement of your honorable court in the *Baltes Case,* namely, 'The procedure indicated and which should be followed in the issuance of search warrants is that the magistrate should examine under oath the applicant for the search warrant and his witnesses and should reduce their sworn testimony to writing, or at least so much thereof as he relied upon in issuing the warrant, and then if he finds from all the sworn testi-

mony in the case that there is probable cause for the issuance of the warrant he will reduce the complaint to writing, have it sworn to, and issue the warrant'?"

In *State v. Baltes*, 183 Wis. 545, 198 N. W. 282, it is said on page 552:

"The essential prerequisite to the issuance of a valid search warrant *is the taking of sworn testimony from the applicant and witnesses, if any,* and the judicial action upon such sworn testimony by the magistrate resulting in the finding that probable cause exists for the issuance of the warrant."

It is also said in the same case on page 548:

"The case presents the question as to what proceedings before a magistrate must be had to authorize the issuance of a valid search warrant. As more precisely presented by the facts of this case, the narrower question is, Can a search warrant lawfully issue without sworn testimony being taken by the magistrate?"

Secs. 4839 and 4840 of the Statutes, which provide for the issuance of search warrants, must be construed in accordance with the constitutional requirements upon the subject of searches and seizures. Under such constitutional requirements no search warrant can issue excepting upon a showing of probable cause. Such probable cause can only be shown by the examination by the magistrate of one or more witnesses. There is no provision in the statute requiring this examination to be reduced to writing, nor is written testimony necessary in order to satisfy the magistrate that probable cause exists. If probable cause be shown either by the sworn oral statements of the applicant or witnesses, or from such statements when reduced to writing, a search warrant may issue. The protection of the individual in his constitutional rights to immunity from unreasonable search and seizure is guarded, in either instance, where the examination under oath is had. Therefore, when in the *Baltes Case* this court laid down certain methods con-

stituting a proper procedure, it merely outlined and defined a method which when pursued would form a practical standard in the administration of the law in search-and-seizure cases. That it is desirable and advisable to reduce the examination of the sworn testimony to writing needs no comment. When such procedure is strictly followed, the written evidence of witnesses will be preserved in documentary form, and such record in the future would at all times be available and would speak for itself as to whether or not the magistrate acted upon the showing of probable cause. Such a procedure cannot be too strongly urged upon magistrates and courts in the issuance of search warrants.

Secs. 4740 and 4776 outline the procedure necessary for the issuance of a warrant for the *arrest* of an offender. In construing these statutes in *Murphy v. State,* 124 Wis. 635, 102 N. W. 1087, this court used the following language:

"It is pointed out that the statute requires that an oral complaint be first made to the magistrate, and he thereupon is required to put the person complaining and the other witnesses produced by him under oath; and the complaint shall then be reduced to writing, but need not have a written verification on oath appended to it, but it must be based on the sworn oral statements of the complainant and witnesses, if any are produced, made to the magistrate on examination by him. If, after such proceeding, the magistrate is satisfied that an offense has been committed and that the person accused is the probable offender, he is authorized to issue a warrant reciting the substance of the complaint and directing his apprehension. . . . It is supposed that the facts disclosed to the magistrate upon his examination on oath of the complainant and the witnesses, if any, satisfies him that an offense has been committed and that a warrant should issue for the apprehension of the person charged." See, also, *State v. Davie,* 62 Wis. 305, 22 N. W. 411; *State ex rel. Long v. Keyes,* 75 Wis. 288, 44 N. W. 13; *State v. Bielby,* 21 Wis. 204; *State v. Hobbs,* 39 Me. 212.

If the oral testimony taken under oath is sufficient, as was held by this court in the cases above cited, under secs. 4740

and 4776, then no adequate reason can be perceived why it should not be sufficient to satisfy the requirements of the search-and-seizure statutes, particularly in view of the fact that such statutes do not in express language require the reduction of such testimony to writing. We would therefore answer question number 1 in the negative.

Question number 2:

"The justice having failed to reduce the testimony to writing at the time it was taken, could the facts relative thereto be subsequently established on motion or upon the trial so as to establish the validity of the search warrant?"

The defendant properly and timely challenged the validity of the proceedings preliminary to the issuance of the search warrant, and filed a written motion to suppress the evidence obtained pursuant to such warrant. Thereupon the justice and a witness were called and gave sworn testimony as to what oral testimony was adduced prior to the issuance of the search warrant. In view of our answer as made herein to the first question, it would logically follow that question number 2 must be answered in the affirmative. The question of the validity of the warrant being raised as aforesaid by the defendant and the examination preliminary to the issuance thereof not having been reduced to writing, it devolved upon the State, before the warrant could be introduced in evidence, to show that constitutional and statutory requisites had been complied with. No question is raised but that the evidence so adduced, had it been reduced to writing prior to the issuance of the search warrant, would have fully established the necessary probable cause for the issuance of the warrant. Therefore, inasmuch as the statute does not require sworn evidence to be reduced to writing, and it appearing from the oral evidence that probable cause had been duly shown, the search warrant and the return thereon were properly received.

State. v. Blumenstein, 186 Wis. 428.

Question number 3:

"Was the recital in the search warrant that the justice was 'satisfied that there was reasonable cause for such belief' (belief that the defendant was violating the law as charged) a sufficient finding of reasonable cause in the absence of any other record of such finding?"

In answer to this question we will say that there is no statutory or other requirement pursuant to which the magistrate must make an entry, in his docket or elsewhere, specifically finding probable cause. There is a finding of probable cause contained in the warrant, and the warrant is a part of the record and files in the case. Independent of such finding in the warrant, the question here raised has been conclusively settled by former adjudication of this court. In *Rindskopf v. State,* 34 Wis. 217, 224, an objection was made by the defendant, who had been charged with a *quasi-*criminal offense, that the record .did not disclose that a formal finding had been made and entered to the effect that there was probable cause to believe the defendant guilty. The court in its opinion says:

"The fact that the justice required the defendant to enter into a recognizance to appear and answer the charge, indicates and implies, as forcibly as any act could, that such justice had 'probable cause to believe' the defendant to be the father of the child. Otherwise his action in the matter is inexplicable. If the statute required the justice to make a judicial determination of record that there was 'probable cause,' etc., there would be more ground for claiming that such determination must appear by the record, to render the proceeding regular, and in order to give the circuit court jurisdiction to try the cause. But, as before observed, this is not the language of the statute. It surely must be presumed that the justice had probable cause, founded upon some evidence or admission brought to his knowledge, for believing the defendant to be the father of the child, or he would not have required him to enter into the recognizance."

In *State v. Leicham,* 41 Wis. 565, the court said: "The fact that the magistrate holds to bail or commits is equivalent to such formal adjudication." In this case also the *Rindskopf Case* was cited and approved.

Inasmuch as the statutes on searches and seizures do not require a formal adjudication of probable cause, no reason can be perceived why the rule laid down in the *Rindskopf* and the *Leicham Cases* should not be applicable; and question number 3 is therefore answered in the affirmative.

The answers to questions 1, 2, and 3 having established the validity of the search warrant, and the liquor having been properly received in evidence, it would conclusively follow, in the absence of other error, that the conviction must be sustained, and that the further interrogatories constitute merely moot questions, and are therefore left unanswered.

*By the Court.*—In compliance with the provisions of sec. 4721 of the Statutes, the foregoing answers to the questions certified are reported to the trial court.