Hansen v. State, 188 Wis. 266.

HANSEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 24—November 17, 1925.*

*Intoxicating liquor: Liquor the property of defendant although not found on her premises: Search warrant: Sufficiency: Who may urge invalidity.*

1. In a prosecution for the possession of intoxicating liquor, where the liquor was found on the premises of another, but defendant admitted that it belonged to her, she could not claim that a search of the premises on which the liquor was found was unlawful, or that the premises were not properly described in the search warrant. p. 267.
2. Under such admission the jury could find that the liquor was in her possession though not on her premises. p. 267.
3. There is no conflict in the cases of *Davis v. State,* 187 Wis. 115, and *State v. Baltes,* 183 Wis. 545, as in each case it was held that sworn testimony must be taken before a search warrant could lawfully issue, and that it is not sufficient to have the applicant for a warrant merely fill in a blank and swear to it before the magistrate. p. 268.

ERROR to review a judgment of the municipal court of Brown county: N. J. MONAHAN, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was convicted of unlawfully having in her possession distilled alcoholic liquor and duly sentenced. To test the validity of the sentence she sued out a writ of error.

*John V. Diener* of Green Bay, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *Raymond E. Evrard,* district attorney of Brown county, and *Lee Cranston,* assistant district attorney, and oral argument by *Mr. Evrard* and *Mr. Messerschmidt.*

VINJE, C. J. It appears that the defendant conducted a restaurant at No. 217 Cherry street, Green Bay, Wisconsin, and that above her restaurant and adjoining store there were east and west flats separated by a common hallway. The

liquor in question was found in a closet or storeroom on the east side of the common hallway, which storeroom was claimed to be in the possession of a Mr. Stanley, who had a sublease from the lessee of the east flat. The defendant occupied the west flat.

Police officers applied to the municipal judge for a search warrant for No. 217 Cherry street and one was issued and a search made, with the result that the liquor was found in the storeroom described. At the time the officers found the liquor the defendant admitted to them that it was hers, and such admission is not disputed. Mr. Stanley testified that the liquor was not his.

It is claimed by the defendant, first, that the sworn testimony before the municipal judge did not furnish a sufficient basis for the issuance of the search warrant because it was only upon information and belief; and second, that the warrant did not correctly describe the place where the liquor was found. We deem it unnecessary to discuss either of these contentions because the admission of defendant that the liquor belonged to her, coupled with the denial of Mr. Stanley that it was his, rendered any defect in the search warrant immaterial. The liquor was not found upon her premises, and it does not lie in her mouth to claim that the search of Mr. Stanley's premises was unlawful. So far as the record discloses they may have been searched with his consent. There is no evidence of any objection on his part. The same is true as to any defect in the description of the premises in the warrant. The defendant cannot nullify the result by claiming that somebody else's premises were not correctly described. When she admitted that the liquor belonged to her, the jury, under the circumstances disclosed, could find that it was in her possession though not on her premises.

The district attorney in his brief claims that the statement made in *Davis v. State,* 187 Wis. 115, 203 N. W. 760, to the effect that a search warrant issued upon a complaint

made upon information and belief is void, conflicts with the rule announced in *State v. Baltes,* 183 Wis. 545, 198 N. W. 282, and that the *Davis Case* should be overruled in so far as it conflicts with the *Baltes Case.* There is no conflict in the two cases. The *Baltes Case* distinctly held that sworn testimony must be taken before a warrant could lawfully issue, and that the warrant in that case was void because no sworn testimony was taken before it issued. That was exactly the ruling in the *Davis Case.* In each case it was held, as stated in the *Baltes Case,* "the applicant for the search warrant cannot, by merely filling in a blank and swearing to it, secure a valid search warrant. He cannot substitute himself for the magistrate, nor does the statute permit the magistrate to abdicate his judicial duty of determining whether or not probable cause exists."

*By the Court.*—Judgment affirmed.