BERGMAN, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 6, 1926.*

*Intoxicating liquors: Searches: Proceedings upon issuance of search warrant: Possession of mash: Evidence: Sufficiency.*

1. Under secs. 363.01 to 363.04, Stats., the testimony in proceedings for a search warrant need not be reduced to writing, nor is it required that sworn statements shall be subscribed by the complainant or the witnesses. *State v. Baltes,* 183 Wis. 545, explained. p. 617.

2. Where a search warrant is issued it will be presumed that the magistrate concluded that he had probable cause. p. 618.

3. The docket of the justice of the peace, in proceedings for a search warrant, showing that complainant was sworn and that a record had been made and kept of his sworn statement, shows a sufficient compliance with secs. 363.01 to 363.04, Stats., relating to search warrants. p. 618.

4. A sworn statement by the complainant that he received information from a responsible source and made a personal investigation, and that both from information and investigation he had cause to believe that defendant was unlawfully manufacturing liquor, is sufficient for the issuance of a search warrant. p. 619.

5. Evidence showing possession by the defendant of barrels filled with sugar and water, also an oil stove and some dough, with no evidence that the barrels contained alcohol, though the contents produced alcohol when put through a still, is *held* insufficient to sustain a conviction under sec. 165.01, Stats., for possession of mash from which distilled liquor is customarily made. p. 619.

6. The court will take judicial notice that both beer and wine are intoxicating liquors. They are not, however, produced by the process of distillation; and sec. 165.01 prohibits the possession of ingredients from which distilled intoxicating liquor is customarily made. p. 620.

ERROR to review a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

The plaintiff in error, hereinafter called the defendant, was found guilty in the circuit court for said county, by a

jury, of unlawfully having in his possession mash from which distilled intoxicating liquor is customarily made. Thereupon the court adjudged the defendant guilty and pronounced sentence.

In March, 1925, a deputy with a search warrant entered and searched the home of the defendant and discovered two fifty-gallon barrels filled with sugar and water, also an oil stove and some dough. The deputy testified that he could not tell whether there was any alcohol in the barrels, but that he filled a five-gallon jug with the contents and ran it through a still, and that alcohol was produced. He also testified that he knew the contents of the barrels consisted of mash that was used for the manufacture of intoxicating liquor.

The application for the search warrant was made to one Scribner, a justice of the peace, and the only evidence of the proceedings preliminary to the search warrant consists of the testimony of the justice, who testified that the complainant was duly sworn, and his docket entry, which reads as follows:

"March 7, 1925.    Oath and examination taken.

"Examination and oath taken that John T. Agema testifies that upon responsible information and personal investigation has the cause to believe that *Henry Bergman* is engaged in the manufacture of illicit liquor. Has also in his possession liquor unlawfully manufactured. Accepting his statement of sufficient reliability, a search warrant was issued to search his premises. . . ."

Thereupon the search warrant, which appears to be in due form, was issued by the justice and delivered to the sheriff, with the result that the things herein referred to were seized.

Upon the trial of the case timely objections were interposed by defendant's counsel to the introduction both of the warrant and of any of the articles or substances seized pursuant to such warrant. Probable cause was not formally found by the justice.

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien*.

For the defendant in error there was a brief by *James Murray*, district attorney of Fond du Lac county, the *Attorney General*, and *J. E. Messerschmidt*, assistant attorney general, and oral argument by *Mr. Murray* and *Mr. Messerschmidt*.

DOERFLER, J.    Was the search warrant illegally issued? Defendant's counsel assert that inasmuch as the complaint for the search warrant was not *signed*, the issuance of the warrant was illegal, and that therefore its reception and the reception of the things seized by virtue thereof were unwarranted.

In the case of *State v. Baltes*, 183 Wis. 545, 198 N. W. 282, a procedure was outlined for the benefit of magistrates having power to issue search warrants. Among the things suggested by the court was the swearing of the complainant and the witnesses and the reduction of the testimony to writing. These suggestions were made in the interests of an orderly and proper procedure and for the purpose of creating and maintaining a record of the preliminary proceedings which could be introduced in evidence upon the trial of the action. Ch. 363 of the Statutes, which treats of search warrants, however, merely requires a complaint to be made on oath. Nothing is said with respect to reducing the testimony to writing, nor is it required that the sworn statements shall be subscribed by the complainant or the witnesses.

In the case of *State v. Blumenstein*, 186 Wis. 428, 202 N. W. 684, it was held:

"Secs. 4839 and 4840 of the Statutes, which provide for the issuance of search warrants, must be construed in accordance with the constitutional requirements upon the sub-

ject of searches and seizures. Under such constitutional requirements no search warrant can issue excepting upon a showing of probable cause. Such probable cause can only be shown by the examination by the magistrate of one or more witnesses. There is no provision in the statute requiring this examination to be reduced to writing, nor is written testimony necessary in order to satisfy the magistrate that probable cause exists. If probable cause be shown either by the sworn oral statements of the applicant or witnesses, or from such statements when reduced to writing, a search warrant may issue. *The protection of the individual in his constitutional rights to immunity from unreasonable search and seizure is guarded, in either instance, where the examination under oath is had."* (Italics ours.)

The proceeding in relation to a search warrant is in the nature of an investigation, and differs materially in its objects and purposes from one instituted for the arrest of an offender for the commission of a criminal offense. Had the legislature seen fit to prescribe, as a condition precedent to the issuance of a search warrant, a subscribing by the witness or witnesses of his or their testimony, such subscription would undoubtedly be necessary.

Under a statute like our own, it was held in *Chipman v. Bates,* 15 Vt. 51, that it was not necessary for the complainant to subscribe his name to the sworn statement. See, also, Cornelius, Search and Seizure, p. 247; *Appling v. State,* 95 Ark. 185, 128 S. W. 866; 24 Ruling Case Law, 708.

Where a search warrant is issued it will be presumed that the magistrate concluded that he had probable cause. See *State v. Blumenstein, supra; State v. Leicham,* 41 Wis. 565.

Defendant's counsel at the proper time on the trial challenged the validity of the search warrant on the ground that no evidence had been introduced showing that the preliminary proceedings prerequisite to the issuance of the warrant as required by statute had been complied with. It appears, however, from the evidence that the complainant had been sworn by the justice. The docket of the justice was offered

and received in evidence, and from this it appears not only that the complainant was sworn but that a record had been made and kept of such sworn statement. The statutes, therefore, appear to have been fully complied with.

Further, it is argued that the warrant was issued upon a complaint on information and belief solely, and that such a complaint does not sustain a finding of probable cause. In *State v. Baltes,* 183 Wis. 545, 198 N. W. 282, it was held, as will appear from the fourth paragraph of the syllabus, as follows: "The evidence upon which a magistrate may find such probable cause to exist need not be made in positive terms by one who claims to know the facts, but may be circumstantial and be made upon information and belief."

In his oral statement, as appears from the docket entries, the complainant testified not only that he had received information, but that such information came from a responsible source, and that he had made a personal investigation, and that from both the information so derived and from his personal investigation he had cause to believe, etc. Such a sworn statement fully complies with the rule laid down in the *Baltes Case* and that in the case of *Frihart v. State, post,* p. 622, 208 N. W. 469.

Finally, defendant's counsel assign error because the court refused to grant a new trial for the reason that there was no competent evidence to sustain the verdict of the jury. We have carefully reviewed the testimony in this case and are of the opinion that this assignment of error must be sustained. No illicit liquor was discovered upon the premises at the time the search was made; neither was a still found. The barrels containing the sugar and water were located in the basement, and in this place there was also discovered an oil stove and a few pieces of dough. The defendant was convicted of unlawfully having in his possession mash from which distilled intoxicating liquor *is customarily made.* There is no evidence that the mixture of sugar and water

contained in the barrels contained any alcohol. True, it was testified that a part of the contents of the barrels was removed and run through a still and that alcohol was produced. This result may be achieved from a mixture of ingredients which are designed to manufacture vinegar. It may also be produced from a mash which is made for the purpose of making wine or beer. What sec. 165.01 of the Statutes prohibits, as far as it applies to the instant case, is the possession of mash from which *distilled liquor is customarily made*. The court will take judicial notice that both beer and wine are intoxicating liquors, but they are not produced by the process of distillation, and the section last referred to applies to distilled liquor only. Had the State proven that the contents of these barrels constituted a mash from which *distilled liquor is customarily made*, a different situation would have been presented.

In harmony with the case of *Endish v. State,* 188 Wis. 259, 205 N. W. 822, we conclude that the conviction cannot be sustained.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions for a new trial.