FRIHART, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 12—April 6, 1926.*

*Searches: Evidence justifying warrant: Probable cause.*

1. Evidence before a justice of the peace that a witness had been informed by persons whom he believed responsible that liquor was being manufactured and possessed on defendant's premises, in violation of sec. 165.01, Stats., and that he believed such information to be true, is *held* sufficient to justify the issuance of a search warrant. p. 624.
2. Neither a written nor an oral declaration that probable cause exists in the mind of the magistrate need be made to justify the issuance of a search warrant. p. 624.

3. A finding by the justice issuing the warrant that probable cause existed in the mind of a witness does not negative its existence in his own mind, and the issuance of a warrant carries with it a declaration that probable cause existed in the mind of the magistrate.  p. 625.

ERROR to review a judgment of the circuit court for Waupaca county: CHESTER A. FOWLER, Judge.  *Affirmed.*

Plaintiff in error was convicted of having liquor, moonshine, in his possession in violation of sec. 165.01, Stats.  It is claimed the evidence secured by a search under a search warrant was incompetent because the search warrant was illegally issued, not being based upon sufficient evidence, and no probable cause having been found by the justice.  The justice's record shows that "E. T. Sullivan, being first duly sworn, testified as follows: 'I have been informed by persons whom I believe are responsible and I do believe the information that illegal intoxicating liquor is being manufactured and possessed on the premises of *E. O. Frihart,*'" describing them.

The justice of the peace issued a search warrant which recited among other things that "the undersigned justice of the peace being satisfied that E. T. Sullivan has reasonable cause for such belief, you are commanded," etc.  To test the validity of his conviction defendant below sued out a writ of error.

The cause was submitted for the plaintiff in error on the brief of *Barber & Keefe* of Oshkosh, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

VINJE, C. J.   It was held in *State v. Baltes,* 183 Wis. 545, 198 N. W. 282, that sworn testimony to sustain a search warrant need not be positive or of such a character as to sustain a conviction.  It was there said:

"It is not necessary that there should be positive proof of the existence of the facts upon which the issuance of a

search warrant is based.   It is sufficient that the sworn proof is of such a character as to induce in the mind of the magistrate an honest belief that they exist."

The reasons for so holding were fully discussed in that case and need not be repeated.

In *State v. Blumenstein*, 186 Wis. 428, 202 N. W. 684, the evidence upon which the search warrant issued was in substance this: Springer, the officer applying for the search warrant, "had good reason to believe that the car in question was being used in unlawfully transporting liquors; that he had reliable information that the defendant, without having a permit therefor, was bringing a load of intoxicating liquor into and through Edgerton," etc.   This does not appear in the report of the case but it does in the record, and the sufficiency of the evidence to support the issuance of the search warrant was not questioned.   See, also, *Bergman v. State*, *ante*, p. 615, 208 N. W. 470.

In *Davis v. State*, 187 Wis. 115, 203 N. W. 760, no evidence was taken before the search warrant was issued; only a complaint sworn to on information and belief, and the search warrant was held to be illegally issued.   In this case we hold the evidence sufficient to justify the issuance of the search warrant.

It is claimed that the justice failed to find that probable cause existed in his mind, and therefore the search warrant was invalid.   It was said in the *Baltes Case* that probable cause must exist in the mind of the magistrate in order to justify the issuance of a warrant.   His recital that it existed in the mind of the sworn witness is not sufficient, because it is the magistrate and not the witness that must be induced to believe in the existence of probable cause.   But neither a written nor an oral declaration that probable cause exists in the mind of the magistrate need be made.   The law says to him: If you are satisfied that probable cause exists it is your duty to issue the search warrant; if you are not so

satisfied you should not issue it. The presumption, in the absence of any evidence to the contrary, is that the law has been followed. Hence when a magistrate issues a search warrant he thereby declares that he is satisfied that probable cause exists. *Rindskopf v. State,* 34 Wis. 217; *State v. Blumenstein,* 186 Wis. 428, 202 N. W. 684. His finding that probable cause existed in the mind of the witness did not negative its existence in his own mind. It rather tended to show that it did; for in the absence of any proof to the contrary it must be presumed that the witness was a man of ordinary caution and prudence, and if the facts and circumstances induced in him a reasonable belief in the existence of facts testified to, it is fair to presume they did so in the mind of the magistrate. At any rate the issuance of the search warrant carries with it a declaration that probable cause existed in the mind of the magistrate.

*By the Court.*—Judgment affirmed.