GLODOWSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*March 10—June 18, 1928.*

For the plaintiff in error there were briefs by *Martens & Meleski* of Stevens Point, and oral argument by *George H. Martens.*

For the defendant in error there were briefs by the *Attorney General, J. E. Messerschmidt,* assistant attorney general,

*Walter B. Murat,* district attorney of Portage county, and *W. E. Atwell,* special district attorney, and oral argument by *Mr. Messerschmidt* and *Mr. Atwell.*

STEVENS, J.   (1) The fundamental question presented is whether "probable cause, supported by oath or affirmation," was established before the magistrate issued the search warrant, as required by sec. 11, art. I, of the constitution of Wisconsin.

This constitutional mandate is couched in almost the identical language of the Fourth amendment to the federal constitution.   This was one of the ten amendments which constituted what has aptly been called our national bill of rights.

The failure of the convention to incorporate this bill of rights in the original draft of the constitution was one of the chief objections raised to its adoption.   Massachusetts finally set the example, which was followed by other states, which undoubtedly was one of the most potent factors in securing the adoption of the constitution, when she proposed substantially these amendments at the time that she voted to ratify the constitution.

None of these amendments which constitute the bill of rights was more strenuously insisted upon than the one which prohibits unreasonable searches and seizures.   It has been said that the opening scene of the American Revolution was enacted when James Otis made his dramatic defense of the rights of the colonists when he appeared in opposition to the application of the officers of the crown for the issuance of writs of assistance, which were general search warrants which authorized the officers to search any place that they might select, without either the place to be searched or the goods to be seized being specified in the warrant.

The memory of the outrages inflicted upon the colonists under these writs of assistance led the people of the original

thirteen states to insist that the fundamental law of the new republic should be so framed as to prevent the recurrence of these abuses in connection with searches and seizures.

The people of this state made the same guaranty against unreasonable searches and seizures a part of their fundamental law. Until the people shall see fit to change this constitutional mandate, each department of government must give full force and effect to this command of the people, even though it may seem at times to render more difficult the apprehension and punishment of' those who violate the laws of the state. The preservation of the rights guaranteed by the constitution is of greater moment than the detection of any crime or the punishment of any single offender.

(2) When the rights secured by the constitutional provision, are violated and papers and effects taken by an unreasonable search and seizure, the only method of protecting one whose constitutional rights have been invaded is for the court to order these papers and effects returned to the owner.

"As a rule, courts require this motion to be made previous to the trial in order to avoid the necessity of entering upon a collateral inquiry during the course of the trial. However, where the offer of the evidence is accompanied with the disclosure showing that the evidence was obtained through a violation of the defendant's constitutional rights by an officer of the state, and under circumstances where the protection of a defendant in his constitutional rights does not involve an interruption of the usual course of the trial, the evidence should not be received even in the absence of a previous motion to suppress." *State v. Warfield*, 184 Wis. 56, 62, 198 N. W. 854. See, also, *State v. Baltes*, 183 Wis. 545, 553, 198 N. W. 282.

(3) Before a search warrant can be issued the magistrate must perform a judicial function by determining whether probable cause has been established by oath or affirmation. "It is not a mere ministerial or administrative act." *State*

*v. Baltes*, 183 Wis. 545, 552, 198 N. W. 282. Like any other judicial finding, the finding of probable cause must be based upon proof of facts and circumstances.

"The applicant for the search warrant cannot, by merely filling in a blank and swearing to it, secure a valid search warrant. He cannot substitute himself for the magistrate, nor does the statute permit the magistrate to abdicate his judicial duty of determining whether or not probable cause exists." *State v. Baltes*, 183 Wis. 545, 552, 198 N. W. 282. See, also, *Hansen v. State*, 188 Wis. 266, 268, 205 N. W. 813. It follows that a search warrant cannot be issued upon a statement under oath based entirely upon information and belief, unless competent evidence of the facts which are the basis of the belief are stated, and unless those facts are sufficient to support a finding of probable cause. If the complaint contains a bare statement on information and belief, without giving the basis for the same, it permits the complainant to determine probable cause, rather than the magistrate, whose duty it is to perform this judicial function. "The immunity guaranteed by the constitution should not be lightly set aside by a mere general declaration of a non-judicial officer that he has reason to believe and does believe, etc. The undisclosed reason may fall far short of probable cause." *Wagner v. U. S.* 8 Fed. (2d) 581, 584. This is the rule that is applied by the federal supreme court under the Fourth amendment, which contains a mandate identical with that in our state constitution. *Byars v. U. S.* 273 U. S. 28, 29, 71 Lawy. Ed. 520, 522, 47 Sup. Ct. 248.

(4) "The term *probable cause* has a well defined meaning in the law, which is the existence of such facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within the knowledge of the magistrate, that the charge made by the applicant for the warrant is true. . . . It follows from

the above definition of probable cause that it is not necessary that there should be positive proof of the existence of the facts upon which the issuance of a search warrant is based. It is sufficient that the sworn proof is of such a character as to induce in the mind of the magistrate an honest belief that they exist. As was said in *State v. Davie,* 62 Wis. 305, 308, 22 N. W. 411: 'The words *probable cause* do not mean actual and positive cause.' " *State v. Baltes,* 183 Wis. 545, 549, 550, 198 N. W. 282.

(5) The court has not overlooked the fact that this court has consistently held that a complaint on information and belief is sufficient to meet the requirements of sec. 361.02 of the Statutes authorizing the arrest of offenders. *State v. Davie,* 62 Wis. 305, 307, 308, 22 N. W. 411; *Murphy v. State,* 124 Wis. 635, 646, 102 N. W. 1087. Doubtless the state should be as ready to guard the liberty of one's person against unwarranted arrest as to protect his property from unreasonable searches and seizures. But the power of this court is limited to interpreting the constitution and the statutes as it finds them. "Courts have no power to throw the law into a melting pot, and recast it at pleasure." *Ricketson v. Milwaukee,* 105 Wis. 591, 604, 81 N. W. 864. The people have seen fit to place in their fundamental law this provision protecting their property from unreasonable searches and seizures, without providing any similar protection against unwarranted interference with personal liberty by arrest. It must be borne in mind that "the right to search and the validity of the seizures are not dependent on the right to arrest." *Carroll v. U. S.* 267 U. S. 132, 158, 69 Lawy. Ed. 543, 554, 45 Sup. Ct. 280.

Until the people see fit to impose a similar limitation on the right to arrest, arrests may be made upon a complaint which states the facts constituting the offense upon information and belief. Doubtless the framers of the constitution

recognized that "it often becomes necessary, in the administration of justice to criminals, to arrest and detain persons in custody upon suspicion of crime, more or less well founded, and without any certain or conclusive proof of their guilt. Our laws against crime could not well be enforced if this were not so." *State v. Bielby,* 21 Wis. 206, 209.

(6) The finding of probable cause being a judicial act which is subject to review in the trial court, it follows of necessity that there must be a record upon which the reviewing court may determine whether there was proof of any facts before the magistrate which would support the finding of probable cause. Like any other judicial finding, this finding of probable cause must stand, unless the proof is clearly insufficient to excite an honest belief in a reasonable mind.

A formal finding of probable cause is not essential to the validity of the search warrant. The essential thing is that there shall be proof that supports such a finding. "There is no statutory or other requirement pursuant to which the magistrate must make an entry, in his docket or elsewhere, specifically finding probable cause." *State v. Blumenstein,* 186 Wis. 428, 433, 202 N. W. 684. "Where a search warrant is issued it will be presumed that the magistrate concluded that he had probable cause." *Bergman v. State,* 189 Wis. 615, 618, 208 N. W. 470.

(7) It is an anomaly in judicial procedure to attempt to review the judicial act of a magistrate issuing a search warrant upon a record made up wholly or partially by oral testimony taken in the reviewing court long after the search warrant was issued. Judicial action must be reviewed upon the record made at or before the time that the judicial act was performed. The validity of judicial action cannot be made to depend upon the facts recalled by fallible human

memory at a time somewhat removed from that when the judicial determination was made. This record of the facts presented to the magistrate need take no particular form. The record may consist of the sworn complaint, of affidavits, or of sworn testimony taken in shorthand and later filed, or of testimony reduced to longhand and filed, or of a combination of all these forms of proof. The form is immaterial. The essential thing is that proof be reduced to permanent form and made a part of the record which may be transmitted to the reviewing court.

Mature deliberation satisfies the court that *State v. Blumenstein,* 186 Wis. 428, 202 N. W. 684, and *Hiller v. State,* 190 Wis. 369, 208 N. W. 260, must be overruled in so far as these cases hold that the reviewing court may supplement the record made by the magistrate by taking oral testimony to disclose the proof that was in fact offered before the warrant was issued.

Upon hearing the motion to suppress, the court should not have considered the proof of additional testimony given by the sheriff before the warrant issued or the proof offered by the defendant, but should have considered only the record made before the search warrant was issued. Upon that motion the court is not concerned with the guilt or innocence of the defendant, but only with the question of whether there was proof to sustain a finding of probable cause.

(8) The building that was searched was occupied as a private dwelling by the defendant. Sec. 363.02 of the Statutes provides:

"Any such magistrate, when satisfied that there is reasonable cause, may also, upon like complaint made on oath, issue such warrants in the following cases, to wit: . . .

"(6) To search for and seize any liquor unlawfully possessed or property designed for the unlawful manufacture of liquor, but no search warrant shall issue to search any

private dwelling, occupied as such, unless it is being used for the unlawful manufacture for sale, unlawful sale, or possession for sale, of liquor or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house."

Under this statute, before a search warrant can be issued for the search of a home, the magistrate must find the additional fact that there is probable cause to believe that the home "is being used for the unlawful manufacture for sale, unlawful sale, or possession for sale, of liquor" at the time the search warrant is issued. The finding can be based upon the same quality of proof that is offered to establish the other facts that are essential to the issuance of a search warrant. The statute as to the search of a private dwelling requires no higher order of proof. It simply requires proof that warrants the additional finding that there is probable cause to believe that the dwelling house "is being used for the unlawful manufacture for sale, unlawful sale, or possession for sale, of liquor."

(9) The only proof taken before the search warrant was issued was based on hearsay information. The repetition under oath of hearsay statements made by others does not constitute proof of such facts and circumstances as will warrant finding probable cause for the issuance of a search warrant. The constitutional provision that we are considering requires that the magistrate shall take the sworn testimony of applicant or of witnesses who have personal knowledge of facts and circumstances which are sufficient to sustain a finding of probable cause. The application for a search warrant requires the magistrate to combine in a single hearing the functions performed by him in the issuance of the warrant for arrest and in the preliminary examination. The finding of the magistrate on the application for the search warrant determines the custody of the property seized, as the preliminary examination determines the

custody of the person arrested. On the preliminary examination the magistrate is confined to the consideration of such evidence as might be introduced upon the trial. By analogy of reasoning the magistrate on the application for a search warrant should be confined to the same quality of proof.

The rule that prevails in the federal courts is that "the evidence before the judge or commissioner who issues the search warrant must be such as would be admissible on trial." *Wagner v. U. S.* 8 Fed. (2d) 581, 583. In the federal courts if the one applying for the search warrant "has reason to believe and does believe that a search or seizure ought to be made, he should state in his affidavit the facts which led him to that conclusion, and which were known to him of his own knowledge. If he has no first-hand information as to the material facts, but has been informed by another as to facts or conditions which would justify the issuance of process for search or seizure, the officer should secure the informer's affidavit positively alleging of the latter's own knowledge the existence of such facts or conditions. In the event that the informer is unwilling to make such an affidavit, he should be subpœnaed to appear before the judge or commissioner to give testimony as to the truth of the statements made by him to the officer." *U. S. v. Clark,* 18 Fed. (2d) 442, 443. The applicant or his witness should be "required to state what he saw, or heard, or smelled, or tasted." *Giles v. U. S.* 284 Fed. 208, 214.

The applicant for the warrant testified to no personal knowledge of any fact and circumstance. His testimony was based entirely upon information received from others. Such proof was not sufficient to support a finding of probable cause that the defendant's home was being used "for the unlawful manufacture for sale, unlawful sale, or pos-

session for sale, of liquor." It follows that the motion to suppress the evidence procured upon the search should have been granted. Without that evidence there is not sufficient proof to sustain the conviction.

More cases involving the validity of search warrants have come to this court in the last half dozen years than during the entire previous history of the state. As a consequence many questions relating to the issuance of search warrants had to be determined without the guidance of a body of law built up by the process of judicial interpretation extending over a long period of years.

The court has now had the opportunity to give extended study to these questions. Any expressions found in former decisions of this court which are in conflict with the conclusions stated herein are overruled.

*By the Court.*—Judgment reversed. Defendant discharged.