O'Leary, Plaintiff in error, vs. The State, Defendant in error.

*May 12—June 18, 1928.*

The cause was submitted for the plaintiff in error on the brief of *Edward H. Ryan* and *L. A. Avery,* both of Janesville, and for the defendant in error on that of the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *George S. Geffs,* district attorney of Rock county.

STEVENS, J. █ Under the rule established in *Glodowski v. State,* decided herewith (*ante,* p. 265, 220 N. W. 227), the search warrant should not have been issued. It follows that the testimony of the officers who made the search should not be received in evidence.

█ But it does not follow that the defendant should be discharged, because the testimony of the witness Blakeley as to the purchase of home brew, which contained 2.05 per cent. of alcohol, is sufficient to sustain a conviction, if believed by the jury. If the evidence secured by the search under the invalid search warrant had not been received, the court would affirm the judgment.

But in view of the sharp conflict on the question whether this witness did in fact purchase any liquor in the home of the defendant, we are not able to say that substantial rights of the defendant were not prejudiced by the proof of the facts disclosed by the testimony of the officers who made the search. He is entitled to have his guilt or innocence determined upon a trial in which the jury shall have before them no proof of the facts discovered by the officers who made the search.

*By the Court.*—Judgment reversed. New trial ordered.