COURT OF APPEALS
DECISION
DATED AND FILED

July 27, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP204-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2019CT481

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DONALD A. WHITAKER,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Walworth County: DANIEL STEVEN JOHNSON, Judge. *Affirmed*.

¶1  NEUBAUER, J.[1]  Donald A. Whitaker appeals from a judgment of conviction for operating a motor vehicle with a prohibited alcohol concentration,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

first offense, with a minor passenger, challenging the circuit court's denial of his motion to suppress. Whitaker maintains the procedure used to obtain a telephonic search warrant for a blood draw following his arrest did not comport with state and federal constitutional protections and WIS. STAT. § 968.12 so as to require suppression of the evidence. We conclude that the search warrant for the taking of a blood sample was obtained lawfully and affirm.

## BACKGROUND

¶2 The relevant facts are undisputed. In the evening of June 25, 2019, Sergeant Derrick Goetsch of the Village of Fontana Police Department observed a pickup truck towing a boat on a village street. An adult and juvenile were in the boat. Goetsch stopped the truck, made contact with the driver, Whitaker, administered field sobriety tests, and arrested him for operating a vehicle while intoxicated (OWI). Whitaker refused to provide an evidentiary sample of his blood.

¶3 Goetsch then completed the necessary information for a blood search warrant and affidavit.[2] Goetsch e-mailed the warrant and affidavit to the on-call

---

[2] Goetsch explained the procedure for obtaining a telephonic search warrant, which was consistent with the process followed in this matter:

> We complete an affidavit, a warrant, with all the information from that current incident and then we have to e-mail it to an on-call Judge e-mail address and after we e-mail that address we call the on-duty judge cell phone and a judge will answer the phone, review the e-mail with the affidavit and warrant. He directs you to raise your right hand. You have to swear to the accuracy of everything on the warrant and then he'll direct you on where to sign the officer's name and he'll direct you to print his name or her name in certain spots and they physically will direct you which line to put the information on.

judge, Judge David M. Reddy, for his review. Goetsch then called the judge and advised him that he had completed a search warrant for an OWI blood draw. Goetsch testified that although he could not remember specifically what he told the judge about the offense, "[t]here was nothing discussed [with the judge] besides the fact that I told him it was an impaired driver with a juvenile."

¶4 After the judge reviewed the search warrant and affidavit, Judge Reddy had Goetsch swear to the fact that everything in the search warrant was true and accurate. Then the judge directed Goetsch to sign the search warrant and affidavit and to write the judge's name on the form. Around 9:00 p.m., blood samples were taken from Whitaker pursuant to the warrant.

¶5 Whitaker was charged with one count of OWI, first offense, with a minor child in the vehicle, and one count of operating with a prohibited alcohol concentration, first offense, with a minor child in the vehicle. He subsequently moved to suppress the results of the blood draw, contending that the procedure for obtaining the warrant violated his constitutional and statutory rights because the officer's telephonic interaction with the judge was not recorded.[3] The circuit court denied Whitaker's motion.

¶6 Whitaker subsequently pled no contest to operating a vehicle with a prohibited alcohol concentration, first offense, with a minor passenger. The count of OWI, first offense, with a minor passenger was dismissed and read in at sentencing.

---

[3] Whitaker raised additional challenges to the affidavit, including that it contained inaccurate information. The circuit court denied this challenge, concluding that despite any inaccurate information, the search warrant affidavit provided probable cause for the blood draw. Whitaker does not appeal this ruling, nor does he challenge on appeal the stop or his arrest.

¶7        Whitaker now appeals.

## DISCUSSION

¶8        "In reviewing a motion to suppress, we uphold the circuit court's findings of fact unless they are clearly erroneous, and review the application of constitutional principles to those facts de novo." ***State v. Grady***, 2009 WI 47, ¶13, 317 Wis. 2d 344, 766 N.W.2d 729.  Statutory interpretation presents a question of law that we decide independently of the circuit court. ***Rechsteiner v. Hazelden***, 2008 WI 97, ¶26, 313 Wis. 2d 542, 753 N.W.2d 496.

¶9        Both the United States Constitution and the Wisconsin Constitution provide that no warrant shall issue, but upon probable cause, supported by oath or affirmation.[4]   This is reinforced in the Wisconsin statutes under WIS. STAT. § 968.12(1), which provides that "[a] judge shall issue a search warrant if probable cause is shown."  "Suppression is only *required* when evidence has been obtained in violation of a defendant's constitutional rights or if a statute specifically provides for the suppression remedy," ***State v. Raflik***, 2001 WI 129, ¶15, 248 Wis. 2d 593, 636 N.W.2d 690 (emphasis added; citation omitted), but circuit courts have "discretion to suppress or allow evidence obtained in violation of a statute that does not specifically require suppression of evidence obtained contrary to the statute, depending on the facts and circumstances of the case and the objectives of the statute." ***State v. Popenhagen***, 2008 WI 55, ¶68, 309 Wis. 2d 601, 749 N.W.2d 611.

---

[4] The Fourth Amendment to the United States Constitution provides, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation."  Article I, section 11 of the Wisconsin Constitution similarly states, in relevant part, that "no warrant shall issue but upon probable cause, supported by oath or affirmation."

¶10    Here, Whitaker contends that the search warrant was obtained in violation of the Fourth Amendment, the Wisconsin Constitution, and WIS. STAT. § 968.12 because no electronic or written recording of Goetsch's telephone call with the judge was made.    The procedures for obtaining a telephonic search warrant are set forth in § 968.12(2) and (3).[5]    Under subsection (2), "[a] search warrant may be based upon sworn complaint or affidavit, or testimony recorded by a phonographic reporter or under sub. (3)(d), showing probable cause therefor."    Subsection (3)(d) allows a judge to take sworn testimony over the phone to support the issuance of a warrant, and in that event "[t]he judge or requesting person shall arrange for all sworn testimony to be recorded either by a court reporter or by means of a voice recording device."    Sec. 968.12(3)(d).

¶11    Here, as the circuit court concluded, the process followed in this case complied with WIS. STAT. § 968.12(2) which provides that the warrant may be based on a sworn affidavit showing probable cause.    Recording the sworn testimony under § 968.12(3)(d) is an alternative means of preserving the evidence purporting to establish probable cause.    It is not a requirement any time a

---

[5] WISCONSIN STAT. § 968.12(2) states in full as follows:

> A search warrant may be based upon sworn complaint or affidavit, or testimony recorded by a phonographic reporter or under sub. (3)(d), showing probable cause therefor.    The complaint, affidavit or testimony may be upon information and belief.    The person requesting the warrant may swear to the complaint or affidavit before a notarial officer authorized under [WIS. STAT.] ch. 140 to take acknowledgments or before a judge, or a judge may place a person under oath via telephone, radio, or other means of electronic communication, without the requirement of face-to-face contact, to swear to the complaint or affidavit.    The judge shall indicate on the search warrant that the person so swore to the complaint or affidavit.

telephone is used to obtain a warrant. Recording sworn testimony by a phonographic reporter is another alternative. These three means of documenting probable cause all serve to preserve the policies of judicial integrity and the right to judicial review. *Raflik*, 248 Wis. 2d 593, ¶21. The "essential thing is that proof be reduced to permanent form and made a part of the record, which may be transmitted to the reviewing court." *Id.*, ¶28 (quoting *Glodowski v. State*, 196 Wis. 265, 272, 220 N.W. 227 (1928)). Here, the warrant prepared by Goetsch and signed with the judge's authorization met that requirement.

¶12 Whitaker does not identify any other violation of the statutory process whereby Goetsch was sworn over the telephone by the judge and signed the affidavit providing that he had been sworn on oath by the judge, and then signed the affidavit as authorized by the judge pursuant to WIS. STAT. § 968.12(2). At the judge's direction, Goetsch also signed the warrant, which stated that it was based on Goetsch's sworn on oath affidavit. Judge Reddy subsequently signed both documents after the return. It is undisputed that the sworn affidavit provided probable cause for the warrant. Whitaker has failed to identify any statutory, much less constitutional, violation. *See State v. Tye*, 2001 WI 124, ¶24, 248 Wis. 2d 530, 636 N.W.2d 473 (warrant invalid because it was not issued on the basis of an oath or affirmation).

¶13 While Whitaker complains that Goetsch and the judge may have had a discussion that was not recorded, he provides no legal support for his suggestion

that the failure to record such a conversation rises to the level of either a statutory or constitutional violation.[6]

## CONCLUSION

¶14     Whitaker has not shown that his statutory or constitutional rights were violated by the procedure used to obtain the search warrant telephonically. Therefore, we affirm.

*By the Court*.—Judgment affirmed.

This opinion will not be published.     *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Given our disposition, this court need not reach the other grounds for affirmance the State sets forth. *See **Sweet v. Berge***, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (when one issue is dispositive of an appeal, we need not reach other issues).